STATE of Iowa, Appellee,

v.

**Rick Dean FOSTER, Appellant.**

No. 66973.

Supreme Court of Iowa.

April 21, 1982.

Joseph E. Owens, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Joseph P. Weeg, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Rick Dean Foster appeals from his conviction of first-degree kidnapping, §§ 710.1, 710.2, and of second-degree sexual abuse, §§ 709.1, 709.3, The Code 1979. He contends the trial court erred in denying his motion to dismiss on the ground it entered an order granting the State's application for a neurological examination in his absence, in violation of Iowa Rule of Criminal Procedure 25(1) (a defendant shall be present "at every stage of the trial").[1] We affirm.

After the information had been filed, the defendant gave notice of his defense of insanity, Iowa R.Crim.P. 10(10)(b)(1), and moved to obtain his medical examination. His motion was granted after a hearing. He was examined at Oakdale, and an evaluation and report were sent to the trial court. The defendant then applied for a "psychiatric and/or psychological examination" which, after another hearing, was also granted. Thereafter, the State applied ex parte for a neurological examination of the defendant, Iowa R.Crim.P. 10(10)(b)(2),[2] which the trial court summarily granted.

The defendant was readmitted to Oakdale from April 7th to April 10th, 1981, pursuant to the ex parte order. Immediately before trial the defendant moved to dismiss the information, Iowa R.Crim.P. 10(2), because the "defendant and his counsel were denied the opportunity to be present at any hearing held on [the State's application for neurological examination] and to resist same, contrary to due process and [rule 25(1)]." The trial court discussed the motion with defense counsel on the first day of trial in chambers:

> MR. OWENS [defense counsel]: [T]he motion was filed on the 23rd day of March and the order was entered [on] that particular day. I would not ... agree to something like this after taking the deposition of [the doctor who examined the defendant at Oakdale] and after having ... various admissions made by him throughout his deposition. I would not allow the State to obtain a neurological examination without first having filed some resistance to it.

> \*   \*   \*   \*   \*   \*

> THE COURT: When first did you have notice or actual knowledge of the application and order for the neurological examination of the defendant?

> MR. OWENS: As best I can recall ... it would have been the weekend following the 23rd of March \* \* \*, it would very possibly have been the Monday following March 23rd which would have been ... approximately March 30th.

---

1. In his motion, and at an in-chambers hearing the day of trial, the defendant also asserted his right to due process under the federal constitution had been denied. See State v. Orozco, 290 N.W.2d 6, 9 (Iowa 1980); State v. Gruber, 281 N.W.2d 636, 638 (Iowa 1979). He has not urged that basis as error on appeal and we do not address it. See Iowa R.App.P. 14(a)(3).

2. Rule 10(10)(b)(2) provides:
   Where a defendant has given notice of the use of the defense of insanity or diminished responsibility and intends to call an expert witness or witnesses on that issue at trial the defendant shall within the time provided for the filing of pretrial motions file written notice of the name of each such witness. Upon such notice or as otherwise appropriate the court may upon application order the examination of the defendant by a state-named expert or experts whose names shall be disclosed to the defendant prior to examination.

THE COURT: And upon having knowledge that the neurological examination had been ordered and was going to take place, did you make any effort to contact the County Attorney about this?

MR. OWENS: [A]t that point in time, ... I didn't know if the defendant had already been transported to the Oakdale facility and these tests had already been performed on him. Therefore, the answer to your question is, no, I did not. * * * [T]he very first time, Your Honor, that I knew that Rick Dean Foster was in Oakdale [was April 9th].

The trial court then denied the motion because "the defendant through his counsel had notice of the intention of the State to require the examination, ... did not act upon the knowledge, and ... therefore waived any objection to the order entered."

I. *The defendant's right to be present.*

Rule 25(1), which implements constitutional rights, *State v. McKee*, 312 N.W.2d 907, 914 (Iowa 1981); *see State v. Blackwell*, 238 N.W.2d 131, 135 (Iowa 1976), provides that an accused

shall be present at the arraignment, at the time of the plea, *at every stage of the trial* including the impanelling of the jury plus the return of the verdict, plus at the imposition of sentence....

(Emphasis added.) The issue in the present case is whether the failure to hold a hearing on the State's application to have the defendant examined by its expert violated his right to be present at every stage of the trial within the meaning of the rule.[3]

The State contends that any right the defendant had to be present at the time the order was entered was waived by his attorney's failure to timely respond to the application for examination. *See, e.g., State v. Epps*, 313 N.W.2d 553, 555–56 (Iowa 1981). We have held, however, that if a defendant's presence is required at a particular stage of the proceedings, that right may not be waived by defense counsel. *State v.*

*Wilcoxen*, 200 Iowa 1250, 1252, 206 N.W. 260, 261 (1925) (under § 13806, The Code 1924, precursor to rule 25(1)). In *State v. Hempton*, 310 N.W.2d 206, 209 (Iowa 1981), we noted case law concerning waiver of a defendant's constitutional right to be present but declined to decide the issue in view of the fact it was harmless error. *See generally* Annot., *Instructions—Absence of Accused*, 94 A.L.R.2d 270 (1964). We presume this principle is not disturbed by the enactment of rule 25(1). As we view it, the issue presented in this case is not whether the defendant's right to be present was waived, but whether his presence at this proceeding was mandated by rule 25(1).

II. *Scope of rule 25(1).*

This court has defined "trial" in other contexts. Some of our decisions indicate that the word should be narrowly construed. For example, we have held that resentencing is not a part of trial for purposes of the sixth-amendment right to speedy trial:

Generally, the definition of "trial" has been confined to that portion of the prosecution constituting an examination by a competent tribunal, according to the law of the jurisdiction, of the facts or the law put into issue for the purpose of determining those issues. Ordinarily the trial ends with the verdict or other decision of the trier of fact.

*State v. Drake*, 259 N.W.2d 862, 866 (Iowa 1977) (citations omitted). In applying rule 25(1), however, we have not been so restrictive in defining "trial." In *State v. Hemminger*, 308 N.W.2d 17, 19 (Iowa 1981), for example, we indicated that trial, as used in rule 25(1), included matters beyond the mere presentation of evidence before the trier of fact. Although it was held rule 25(1) did not encompass a motion by the State made immediately prior to the selection of the jury to reinstate certain language in a second trial information, we reasoned:

---

3. In his brief the defendant also complains he was not given time or opportunity to resist the State's application. His statement of the issue presented for appeal, however, is limited to the alleged failure of the trial court to conduct the hearing in his presence, Iowa R.Crim.P. 25(1), and we limit our consideration to that issue.

[T]he entertaining of the State's motion was not a "stage of the trial" within the meaning of rule 25(1); this event involved only a pretrial amendment of the pleadings. *See* Iowa R.Crim.P. 10(1) (defining pleadings in criminal proceedings). That is, the trial information was amended by leave of court pursuant to the State's motion. The motion dealt strictly with a legal issue, and no evidence was presented. In addition, defendant's counsel candidly conceded in argument that defendant's presence at the hearing on the State's motion would not have affected the court's ruling. Hence, it is apparent that no benefit would have inured to defendant had he been present, and it is equally clear no prejudice resulted from his absence.

*Id.*

We have held that whether issues of fact are presented at a particular proceeding is the determinative criterion in assessing a claim of harmless error where defendant is not present at a stage of the trial. *E.g.,* *State v. McKee,* 312 N.W.2d at 915, *State v. Blackwell,* 238 N.W.2d at 135. This view is also supported by one authority's interpretation of Federal Rule of Criminal Procedure 43, the counterpart to rule 25(1):

The Advisory Committee Note to Rule 43 said in part that the principle on which the rule is based "does not apply to hearings on motions made prior to or after trial." As has been said of another committee in another context, "the Advisory Committee's qualification in the Notes of important textual language is a questionable technique." If defendant's presence is not required at hearings on motions before and after trial, the rule should say so expressly, and the matter should not be left to the obscurity of a committee note nor to the negative pregnant from failure to refer to these motions in the rule itself. *Undoubtedly there are some motions that can and ordinarily are heard in the absence of the defendant. But if fact issues are presented, as they might be on a pretrial motion to suppress evidence or on some motions for a new trial, it would be a temerarious judge who*

*would proceed without having a defendant in the courtroom.*

3 C. Wright & A. Miller, *Federal Practice and Procedure* § 721, at 195 (1969) (emphasis added) (footnote omitted); *accord,* 3 Wharton's *Criminal Procedure* § 483, at 342–45 (1975). *See, e.g., United States v. Sinclair,* 438 F.2d 50, 52 (5th Cir. 1971); *United States v. Malinowski,* 347 F.Supp. 347, 355 (E.D.Pa.1972), *aff'd,* 472 F.2d 850 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). (We note federal rule 43 has now been amended to provide an accused need not be present "[a]t a conference or argument on a question of law." *See* Fed.R.Crim.P. 43(c)(3)).

We conclude that "stage of the trial" as used in rule 25(1) includes the trial itself, from the selection of the jury through the verdict and, in addition, all pretrial and post-trial proceedings when fact issues are presented or when their dispositions, for some other reason, will be significantly aided by the defendant's presence. *See State v. Neal,* 350 Mo. 1002, 169 S.W.2d 686, 693 (1943). *Cf. State v. Orozco,* 290 N.W.2d 6, 9 (Iowa 1980) (due process requires an accused to be present " 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to' present his defense"); *State v. Gruber,* 281 N.W.2d 636, 638 (Iowa 1979) (same). Pretrial proceedings involving questions of law or procedure, as a general rule, would fall outside the scope of the rule. We believe the proceeding here was not covered by rule 25(1). It is, of course, better practice to include the defendant and defense counsel, if reasonably practical, to avoid problems such as this.

The trial court correctly refused to dismiss the charges.

AFFIRMED.