STATE of Iowa, Appellee,

v.

Richard Leon WILLIAMS, Appellant.

No. 69268.

Supreme Court of Iowa.

Dec. 21, 1983.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Teresa M. Baustian, Asst. Atty. Gen., and Dan Johnston, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

In appealing from his conviction for robbery in the first degree, defendant Richard Leon Williams raises three constitutional issues. He contends that his right to due process was violated when, in his absence,

his attorney waived his right to speedy trial. He alleges that he was also absent and deprived of his due process rights during jury deliberations when the trial court responded to a note from the jury. Finally, he contends that his right to the effective assistance of counsel was violated because his attorney, without authority, waived his right to speedy trial, and because his attorney failed to take depositions of three alleged victims. Finding no reversible error, we affirm.

Defendant and three other persons were charged with robbery in the first degree and burglary in the first degree arising from an incident at the residence of one Arnold Bosch. The primary factual issues during the trial concerned identification of the defendants by Bosch and defendants' suggestion that the incident really involved the aftermath of a drug deal gone sour rather than robbery or burglary. On conviction, defendant was sentenced to a term of incarceration not to exceed twenty-five years, with a minimum of five years prior to parole eligibility because of a jury finding that a firearm had been represented during the commission of the offense.

## I. *The Speedy Trial Issue—Presence of Defendant.*

Iowa Rule of Criminal Procedure 25(1) implements constitutional due process rights and provides in part that an accused shall be present "at every stage of the trial." We have held the quoted language of the rule includes all pretrial proceedings when fact issues are presented or when their disposition, for some other reason, will be significantly aided by the defendant's presence. *State v. Foster,* 318 N.W.2d 176, 179 (Iowa 1982). In *Foster* we held such pretrial proceedings did not include an ex parte proceeding at which the state was summarily granted permission to have the defendant neurologically examined pursuant to Iowa Rule of Criminal Procedure 10(10)(b)(2). 318 N.W.2d at 179. Here we must determine if the defendant had the right to be present when his attor-

ney advised the court that defendant would waive speedy trial.

Trial had been scheduled for July 6, 1982, but a codefendant moved for a continuance because his attorney would be unavailable. Although defendant did not authorize his attorney to waive speedy trial, his attorney filed a written waiver and the trial court granted the codefendant's motion. Trial was rescheduled to commence on July 26 which was eight days beyond the ninety-day deadline fixed by our speedy trial rule. Iowa R.Crim.P. 27(2)(a). Thereafter defendant moved for dismissal under the speedy trial rule, and the motion was heard on July 27 and 28. At the hearing defendant testified that he had not authorized his attorney to file the speedy trial waiver, and his attorney acknowledged that fact. The trial court then determined the motion to dismiss, finding that there had been good cause for the delay of trial because other attorneys had had scheduling conflicts. In finding that there had been good cause for the delay, a factual determination not here challenged, the trial court did not place any reliance on the unauthorized waiver of speedy trial which had been filed by defendant's attorney.

■ We conclude that defendant did not have a constitutional right to be present when the trial court, on July 6, 1982, rescheduled trial of the case. The court did not at that time hear and finally decide the factual issues which now form the basis for his due process claim. The trial court was not then aware that the written waiver of speedy trial was unauthorized and that defendant wished to stand on his speedy trial rights. Rather, it was during the later hearing on defendant's motion to dismiss, not earlier when trial was rescheduled, that the trial court received evidence and then decided whether defendant's speedy trial rights had been violated by the unauthorized waiver and continuance of the trial. Defendant was not only present at that hearing but had full opportunity to present testimony for the court's consideration. Defendant has not shown that his absence on July 6, when the case initially was re-

scheduled, violated his right to due process, as implemented by Rule 25(1).

■ Although we find no violation of defendant's right of due process, we certainly do not thereby express approval of the filing by counsel of an unauthorized waiver of defendant's speedy trial right. *Cf. State v. Anderson,* 308 N.W.2d 42, 49 (Iowa 1981); *State v. Orozco,* 290 N.W.2d 6, 9 (Iowa 1980):

> Every reasonable accommodation should be made to insure that defendants receive, not only the process to which they are constitutionally due, but also that process which will serve to dispel their suspicions as to the integrity of our legal system.

We simply find on these facts that the defendant before trial was provided and exercised his right to be present, give testimony, and thereby aid the court in deciding whether his speedy trial right had been violated.

## II. *Communication to the Jury—Presence of Defendant.*

We can more readily state the law on the second issue than ascertain the facts from a skimpy record. We know little more than that during jury deliberations the jury sent the trial court a written message reporting unanimity on a lesser offense, a ten-two split on the principal charge, and inquiring what to do. The trial court responded in writing:

> Please review the instructions. A verdict must be unanimous.

The next morning the jury returned a verdict of guilty on the principal charge. The record does not disclose whether the parties or counsel were informed of this communication, waived being present, or were in fact present. The issue was not raised by motion for new trial.

Although defendant had the right to be present unless his presence was waived, we conclude that the error was not preserved and was harmless beyond a reasonable doubt.

Defendant's right to be present is derived from the sixth amendment and imple-

mented by Iowa Rule of Criminal Procedure 18(5)(g) which provides in pertinent part:

> After the jury has retired for deliberation, ... if it desires to be informed on any point of law, arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information may be given, in discretion of the trial court.... Where the court gives the jury additional instructions, this shall appear of record. Provided, that the procedures described in this section shall take place in the presence of defendant and counsel for the defense and prosecution, unless such presence is waived.

*See State v. McKee,* 312 N.W.2d 907, 914 (Iowa 1981). Our recent cases hold that all communications between court and jury are required to be given in the presence of the defendant and counsel. *State v. Folck,* 325 N.W.2d 368, 374 (Iowa 1982); *State v. Griffin,* 323 N.W.2d 198, 201 (Iowa 1982).

Defendant therefore did have the right to be present, if that right was not waived. The error, however, was both inadequately preserved and harmless.

■ The defendant was required to preserve the claimed error both by raising it in the trial court and then by presenting a record adequate for our review. *State v. McKee,* 312 N.W.2d at 915; *State v. Smith,* 228 N.W.2d 111, 112 (Iowa 1975). This could have been done by a motion for new trial and the filing of supporting affidavits. *See Maier v. Illinois Central Railroad Co.,* 234 N.W.2d 388, 395–96 (Iowa 1975). Since defendant made no such motion and the record before us does not show that defendant was absent when the trial court received and responded to the jury's inquiry, there is no basis for us to conclude that defendant's due process right was violated.

■ Even if defendant was not present, the error was harmless beyond a reasonable doubt. The communication was not an instruction on the law and had no bearing on the evidence the jurors were to consider.

What the court said was not improper; its innocuous response properly told the jurors they should review the instructions and their verdict must be unanimous. In similar cases, we have found no prejudice. *See State v. Dreessen*, 305 N.W.2d 438, 440–41 (Iowa 1981); *State v. Johnston*, 221 Iowa 933, 945, 267 N.W. 698, 704 (1936). This contention is without merit.

### III. *Ineffectiveness of Counsel.*

■ Without raising the issues in the trial court, defendant now contends that his trial counsel was ineffective both in waiving his right to speedy trial without authorization and in failing to take depositions of three victims. Although no evidentiary hearing was requested or held on these issues, the record is adequate for us to decide them as a matter of law. Our review of these sixth amendment claims is the equivalent of a de novo review. *Sims v. State*, 295 N.W.2d 420, 422 (Iowa 1980). Where specific errors of counsel are relied on to show ineffectiveness, defendant must show both that counsel failed to perform an essential duty and that prejudice resulted therefrom. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981).

■ We first conclude, as in division I above, that defendant was in no way harmed by his counsel's filing an unauthorized waiver of speedy trial, because the court found good cause for the continuance that was granted. Defendant therefore has not established prejudice with respect to that first claim of ineffectiveness.

■ We have previously held that it is not always necessary for defense counsel to depose witnesses before trial. *Bizzett v. Brewer*, 262 N.W.2d 273, 276 (Iowa 1978). Here, in particular, the record before us discloses two sound reasons for his attorney not to take depositions of the three victims. All four defendants had the identical interest in discrediting their testimony, and another defendant's attorney did depose them. Consequently, defendant had access to the deposition testimony. Moreover, had defendant's attorney taken the depositions, the state could have required defendant to be present. *State v. Davis*, 259 N.W.2d 812, 813 (Iowa 1977). An adverse effect of his presence would have been the opportunity given Bosch to reinforce his identification of defendant as one of his assailants—a major factual question at trial. Defendant has not shown that his attorney failed to perform an essential duty when he did not take separate depositions of the three victims. Neither has defendant shown that he was prejudiced by the alleged error of his attorney.

We find defendant's assignments of error to be without merit.

AFFIRMED.