**STATE of Iowa, Appellee,**

v.

**Craig Leslie GARDNER, Appellant.**

No. 91–260.

Supreme Court of Iowa.

Sept. 23, 1992.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN and ANDREASEN, JJ.

SCHULTZ, Justice.

On this appeal, we review the conviction of defendant Craig Leslie Gardner for sexual abuse in the third degree in violation of Iowa Code section 709.4 (1989) and his sentence as a habitual violator pursuant to Iowa Code section 902.8 (1989). We affirm the court of appeals and the district court.

Defendant was accused of committing a forcible sex act with his children's fourteen-year-old babysitter. He denied that any sexual contact had occurred. He suggested the babysitter fabricated the accusation because she was upset after he reprimanded her for leaving his children unattended and threatened to expose her conduct to her parents.

Defendant raises three claims of error. He first claims the trial court erred in admitting a videotaped interview into evidence pursuant to Iowa Rule of Evidence 801(d)(1)(B). In addition, defendant maintains that the trial court erred by responding to questions from the jury in his absence and that his attorney did not render effective assistance of counsel.

I. *Admissibility of videotape.* Defendant filed a pretrial motion pursuant to Iowa Rule of Evidence 104, challenging the admissibility of a videotaped interview of the babysitter and of the interviewer's testimony concerning statements contained therein. The taping took place the day following the alleged offense and was conducted by an interviewer from a child protection center who has degrees in psychology and social work.

In his motion, defendant maintained the evidence was not relevant, cumulative, repetitious, greatly outweighed by the prejudicial effect in violation of Iowa Rule of Evidence 403, and constituted hearsay. At a hearing, at the time of trial but before evidence was taken, the prosecutor orally resisted the motion, claiming the interview was admissible as a prior consistent state-

ment under rule 801(d)(1)(B) to rebut defendant's charge that the babysitter had changed her version of the time defendant arrived home. The prosecutor stated that the babysitter would testify that defendant arrived home at 1:50 a.m.; however, the original investigating officer's report noted that the babysitter told him defendant arrived home at 1:15 a.m. Defendant also claimed the State could obtain testimony from the babysitter's parents consistent with the babysitter's trial testimony about defendant's time of arrival, therefore, the videotape would be repetitive, cumulative and prejudicial to him. The trial court overruled defendant's motion without stating a reason for the ruling.

Early in the trial, before either the babysitter or the investigating officer testified, the videotape was introduced and received into evidence. At trial, defendant objected to the admission of the exhibit by reference to his previous objections.

■ We believe it would have been a safer practice if the trial court had delayed ruling on the motion in limine and not admitted the videotape until the charge of fabrication was raised. One commentary suggests it is not proper under the rule to receive such evidence in anticipation of an impeachment, but it acknowledges subsequent impeachment may cure any error in the previous receipt of the evidence. 4 David W. Louisell and Christopher B. Mueller, *Federal Evidence* § 420 p. 198, 199 (1980). We agree with this assessment.

We believe that subsequent action by the prosecutor cured any error by the premature rulings. The tape was not played to the jury until after the babysitter testified that defendant returned at 1:50 a.m., and the original investigating officer testified that she had told him defendant returned at 1:15 a.m. In her testimony, the babysitter denied making such a statement to the officer. This allows us to address the validity of the ruling on its merits.

■ Our rule 801 is a definition of "hearsay." The portion pertinent to our inquiry, 801(d)(1)(B), is identical to Federal Rule of Evidence 801(d) and provides:

A statement is not hearsay if—

The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, . . . .

Relevancy is the rationale for the admission of prior consistent statements. *United States v. Quinto*, 582 F.2d 224, 232 (2d Cir.1978). Prior consistent statements are given substantive effect by the rule if they are admitted to rebut charges of recent fabrications. 4 J. Weinstein and M. Berger, *Weinstein's Evidence* § 801(d)(1)(B) at 801–185 (1985) (hereinafter cited as *Weinstein* ).

■ In the present case, the State claims the applicability of the rule because the alleged inconsistent statement about the time of defendant's arrival at home impeached its witness. The rule permits the use of consistent statements to rebut a charge of recent fabrication, improper influence or motive, but makes no provision for using consistent statements to rebut a charge of making inconsistent statements. However, when an impeached witness denies making a prior inconsistent statement, it is firmly established that even the slightest suggestion of fabrication, improper influence or motive, triggers the rule and allows the admission of a witness' prior consistent statement. *United States v. Wilkinson*, 754 F.2d 1427, 1433 (2d Cir. 1985), *cert. denied* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985); *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 559 (6th Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979); *State v. Speer*, 718 P.2d 383, 385 (Utah 1986); Michael H. Graham, *Prior Consistent Statements: Rule 801(d)(1)(B) of the Federal Rules of Evidence, Critique and Proposal*, 30 Hastings L.J., 575, 577 (1979) (hereinafter cited as *Graham* ); *Weinstein* at 194–95. Professor Graham reasons:

When the existence of the inconsistent statement is denied, ... a prior consistent statement may be of assistance to

the jury in determining whether or not the alleged inconsistency was uttered. *Graham* at 599. As indicated, the witness denied making the inconsistent statement.

 Additionally, there is controversy about whether the consistent statement must be made prior to the existence of a motive to fabricate. *Weinstein* at 801–154–55. We point out that the videotape was made one day after the alleged inconsistent statement to the officer. In order to use a prior consistent statement, some courts have required a rigid time sequence showing that the existence of facts indicating bias preceded the consistent statement. *United States v. Quinto*, 582 F.2d 224, 232 (2d Cir.1978); *State v. Martin*, 135 Ariz. 552, 553–54, 663 P.2d 236, 237–38 (1983); *Jensen v. State*, 278 N.W.2d 752, 754 (Minn.1979). Other courts have held that a prior consistent statement need not be made before the motive to fabricate arose. *United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir.1991); *United States v. Williams*, 573 F.2d 284, 289 (5th Cir.1978). Still other courts believe the time requirement should not be imposed strictly as a rigid per se rule but should be one of several factors in determining the relevancy of a prior consistent statement. *United States v. Miller*, 874 F.2d 1255, 1274 (9th Cir.1989); *United States v. Lawson*, 872 F.2d 179, 182–83 (6th Cir.1989), *cert. denied* 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989).

Rule 801(d)(1)(B) does not speak to a time sequence, therefore, we agree with the latter approach. We believe that a flexible approach will allow the trial court to determine whether a consistent statement will aid the jury in determining whether the witness told the truth. The court can consider the possibility of inducement to change the inconsistent statement; the corroborative value of the prior consistent statement; and the length of time between the statements. *Graham* at 601.

In the present case, the babysitter gave her videotaped interview the day following the alleged incident of sexual abuse. She would have given the interview immediately following the officer's investigation but she had a bad cold and the officer and the interviewer felt that it was very difficult to understand her. The videotaped testimony does corroborate the babysitter's trial testimony regarding defendant's arrival home. However, the babysitter's prior consistent testimony of defendant's 1:50 a.m. arrival time actually came closer to corroborating defendant's version of the time. This later time obviously raised the issue of whether time permitted the acts to have occurred between the time defendant took the babysitter home and the time he was seen by several witnesses at a restaurant. There appears to be no reason for the witness to have changed the time of defendant's arrival home and does not aid the State's case. Under these circumstances the one day delay between the inconsistent statement to the officer and the consistent statement on the videotape should not prevent its admission.

In summary, we cannot say the trial court abused its discretion in determining that the babysitter's prior consistent statement concerning the time defendant arrived home was admissible pursuant to rule 801(d)(1)(B).

 This does not dispose of defendant's claim that the probative value of the videotaped interview was outweighed by its prejudicial effect or that its introduction was cumulative and repetitious. Evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or by considerations of needless presentation of cumulative evidence. Iowa R.Evid. 403. Decisions under Rule 403 are a matter for the trial court's discretion. *Harris v. Jones*, 471 N.W.2d 818, 821 (Iowa 1991).

The probative value of showing a consistency in the babysitter's testimony and that she was truthful had a strong bearing on her credibility as a witness and minimal value in establishing the criminal charge. On the other side of the test, the evidence of the time given the interviewer is close to being consistent with the time given by the defendant. We see little prejudice to him by the admission of consistent statements

regarding the time of defendant's arrival home.

■ We are concerned by the repetitive and cumulative effect of playing the entire tape and allowing the jury to hear the unsworn testimony elicited by the social worker, who was not subject to evidentiary objections and rulings. Defendant did not request the court to preview the tape prior to admission nor does appellate counsel claim any specific prejudice by the admission of the tape beyond its claim of repetitiveness. This could have been cured by a request to limit play-back to the one relevant question. Defendant did not request the trial court to limit the presentation in this manner; consequently, he has not preserved a claim of error. Any error in this regard is harmless because the tape did not reveal any prejudicial matters. The trial court did not abuse its discretion in failing to exclude the evidence.

■ II. *Jury Communications.* Defendant contends the district court erred by responding to the jury's inquiry[1] to the court when defense counsel was present but defendant was absent. When the note was delivered to the court, the district court asked defendant's counsel if he objected to acting on this matter without defendant. Counsel responded in the negative, and the court proceeded to deny the jury's request. On appeal, defendant claims the court's failure to secure his presence before considering and ruling upon a jury note violates his rights under the Sixth Amendment to the United States Constitution and Iowa Rules of Criminal Procedure 25(1) and 18(5)(g). The court of appeals ruled that defendant's failure to raise the issue in his motion for a new trial results in a waiver of this issue. We prefer to ad-

dress the issue because even if defendant had raised the issue, any error was harmless beyond a reasonable doubt. *See State v. Williams*, 341 N.W.2d 748, 751 (Iowa 1983).

In *Williams*, we acknowledged that defendant's right to be present is derived from the sixth amendment and implemented by Iowa Rule Criminal Procedure 18(5)(g).[2] Also, Iowa Rule of Criminal Procedure 25 provides that in felony cases the defendant shall be present "at every stage of the trial" with exceptions not applicable here. In *Williams*, we made that requirement clear by stating "all communications between court and jury are required to be given in the presence of the defendant and counsel." *Williams*, 341 N.W.2d at 751. *Citing State v. Folck*, 325 N.W.2d 368, 374 (Iowa 1982); *State v. Griffin*, 323 N.W.2d 198, 201 (Iowa 1982).

The record reflects that defendant was not present when the court and the attorneys discussed the note received from the jury. The note read: "May we see the depositions and admission?" After consultation with the attorneys, the court answered the note by writing on it, "No," signed it and returned it to the jury. The issue is whether this is reversible error.

In *Williams*, where the court responded to a jury note in the absence of defendant, we held that the court's "error was harmless beyond a reasonable doubt." *Williams*, 341 N.W.2d at 751. We reasoned that the court's answer was proper and the innocuous response properly told the jury what its action must be. *Id.* at 752. In the present case, the jurors were not entitled to see the depositions and an admission since they were not a part of the admitted evidence. The court gave the

---

1. The court also responded to three other inquiries from the jury during deliberations. Our examination of the record indicates that defendant was present with his counsel either in the courtroom or chambers during part or all of the discussions on these notes. As to these communications, we hold that the court did not violate defendant's rights under the constitution or the criminal rules.

2. Rule 18(5)(g) provides in pertinent part:

After the jury has retired for deliberation, ... if it desires to be informed on any point of law, arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information may be given, in the discretion of the trial court.... Where the court gives the jury additional instructions, this shall appear of record. Provided, that the procedures described in this section shall take place in the presence of defendant and counsel for the defense and prosecution, unless such presence is waived.

only answer that it could have given under the circumstances whether defendant was present or not. Under such circumstances, we find that the court's error in failing to secure defendant's presence or his waiver to presence was harmless beyond a reasonable doubt.

Rule 18(5)(g) specifically allows defendant's and counsel's presence to be waived. Often it is more convenient for defendant and counsel not to be present. In such situations, it is a preferable practice that the court obtain such waiver from both counsel and client on the record before jury deliberations commence.

■ III. *Ineffective assistance of counsel.* Defendant claims that his trial counsel was ineffective in failing to object to the State's reliance on hearsay evidence to prove the bulk of its case against him. Under this record, we believe that this is a matter better reserved for review under postconviction proceedings. *Kellogg v. State,* 288 N.W.2d 561, 566 (Iowa 1980).

IV. *Summary.* We affirm the judgment and sentence of the district court and court of appeals. We reserve the matter of ineffective assistance of counsel for postconviction proceedings.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.