# IN THE COURT OF APPEALS OF IOWA

No. 13-0701
Filed June 25, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TERRANCE DESHAUN ALLEN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Washington County, Myron L. Gookin (motion in arrest of judgment) and Joel D. Yates (guilty plea and sentencing), Judges.

A defendant appeals his drug conviction following his guilty plea, alleging ineffective assistance of counsel. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, and Larry Brock, County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

In this guilty plea appeal, Terrance Allen alleges his trial counsel performed below constitutional standards by failing to conduct discovery, by not moving to suppress evidence, and by "unduly influencing" his decision to plead guilty to possession with intent to deliver marijuana. Because Allen fails to show that but for counsel's alleged errors he would have rejected the State's plea offer and insisted on going to trial, we affirm.

## I.     Background Facts and Proceedings

Washington County Sheriff's Deputy Brandon Hamilton spotted Allen and Ryan Neveau sitting together on a bench in the City of Washington's Central Park on June 9, 2011.[1] Deputy Hamilton informed Allen he had an outstanding warrant for his arrest. Allen replied "fuck that!" and took off running.

Allen ran for several blocks before his large, red shorts slipped from his waist to his knees and slowed his progress. Officers caught Allen in a residential backyard and arrested him. Officer Hamilton retraced Allen's path and found ten small, individual baggies of marijuana, held in one large plastic bag, discarded in a bush in the corner of the yard Allen had entered. The officer located the bag fifteen feet from where Allen stopped.

Jailers found Allen in possession of $838.09 in cash. Allen kept one and ten dollar bills in his upper shorts pocket and larger denominations in his lower cargo pocket. Allen claimed he earned the money working as a roofer for his uncle, but could not provide details like the name of the company.

---

[1] These facts are taken from the minutes of evidence.

Another officer spoke with Neveau about what he was doing in the park. Neveau said he did not see any drug deals take place, but did recall Allen say he was carrying $200 worth of marijuana.

On July 18, 2012, the State charged Allen with possession of marijuana with intent to deliver, a class "D" felony, in violation of Iowa Code section 124.401(1)(d) (2011). On July 19, 2012, the court released Allen under conditions set by the district department of corrections. The district court revoked his pretrial release on November 8, 2012, based on several violations because Allen—who was thirty-four years old—admitted "smoking pot at a birthday party" and lying to his supervising officer that he was living with his grandmother.

On November 21, 2012, Allen entered a guilty plea to the drug charge. The State agreed to recommend a suspended a five-year prison sentence and a "non-suspended fine" of $750, and to dismiss a related simple misdemeanor charge of interference with official acts.

At the plea hearing, Allen described to the court in his own words what he did to violate the law: "I had marijuana." He said he was confident it was marijuana because "the person told me what it was." Allen also confirmed that he intended to sell or give some of the marijuana to someone else. He further stated: "It was given to me at the park." He said he was not sure of its weight, but knew it was less than fifty kilograms of marijuana.

Also at the plea hearing, the prosecutor said: "[S]ince the defendant will be released, if he commits any further violations of law or court orders prior to sentencing, whether or not charged and convicted, the State does reserve the

right to argue for additional penalties." The court reinforced the point: "Let me just phrase it, Mr. Allen, you understand it's not going to look very favorable to a judge if you get in any trouble between now and January 22?" Allen personally acknowledged the State's ability to seek additional penalties if he did not stay out of trouble. The court accepted the guilty plea, and ordered a presentence investigation (PSI) report be completed. The court also informed Allen about the forty-five-day deadline for filing a motion in arrest of judgment if he wanted to challenge the guilty plea.

In mid-December, Allen improperly left the Burlington Residential Facility where he was placed following an unrelated probation violation. Allen also failed to appear for his PSI interview. The court issued a bench warrant and authorities arrested Allen on January 25, 2013.

On February 7, 2013, Allen filed a motion in arrest of judgment asserting his innocence and seeking to withdraw his plea of guilty. Allen noted the State informed him it would be recommending additional penalties because of his recent arrest. He also stated his plea was "not based on a factual basis of guilt but rather on his desire to speed up his release from jail" so that he could face the unrelated probation violation in Henry County. The motion was filed thirty-one days after the time allowed under Iowa Rule of Criminal Procedure 2.24(3)(b).[2]

---

[2] "The motion must be made not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment." Iowa R. Crim. P. 2.24(3)(b).

The court held a hearing on the motion in arrest on February 21, 2013. At the hearing Allen's counsel gave two reasons for seeking withdrawal of the guilty plea. First, he noted the "changed circumstances" of the prosecutor indicating he would be asking for a five-year prison sentence rather than a suspended term in light of Allen's failure to appear and failure to remain at the halfway house. Second, counsel told the court Allen "indicated that he pled guilty despite being innocent of the charges" so he could "finish up the Washington County charges and begin facing the charges that he faced in Henry County without undue delay." Allen's counsel told the court his client would like to make a statement regarding the motion, but Allen declined to do so after the court indicated he would be placed under oath.

The State resisted the motion in arrest of judgment, emphasizing Allen provided a factual basis for the offense at the plea hearing, which could be supplemented by minutes of testimony. The State also argued Allen was "well aware" if he committed additional violations the State could change its sentencing recommendation. "In fact, it was made abundantly clear to him that he essentially was being given a rope and it was up to him not to hang himself with that rope. He has done that." Finally, the State asserted the motion was filed too late.

On March 1, 2013, the court denied the motion in arrest of judgment as untimely. Also addressing the merits, the court found no basis to grant the motion given "the record made at the guilty plea hearing."

The court held a sentencing hearing on April 15, 2013. The State recommended incarceration and Allen's counsel asked for probation. Allen told the sentencing judge: "I apologize for wasting the court's time on my bad decisions that I made. And I know that I can do much better than what I've done if given another opportunity on probation or whatever the case may be." The court sentenced Allen to a prison term not to exceed five years. Allen now appeals.

## II.    Standard of Review

We review claims of ineffective assistance of counsel de novo because of their constitutional implications. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Courts use a two-part standard for evaluating such claims. *Strickland v. Washington,* 466 U.S. 668, 694 (1984) (holding defendant must show counsel's representation fell below an objective standard of reasonableness and a different result was reasonably probable but for counsel's unprofessional errors).

The two-part *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To satisfy the prejudice prong in a guilty plea case, a defendant must show a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59; *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

Generally, we do not resolve ineffective-assistance issues on direct appeal, preferring to leave them for possible postconviction-relief proceedings. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). Postconviction proceedings

allow the parties to develop an adequate record and the attorney accused of error to respond to the defendant's claims. *Id.* But we will decide such claims on direct appeal when the record is sufficient to resolve them. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). In this case, the development of an additional factual record is not necessary because we can reject Allen's claims by reviewing both the guilty plea hearing and the hearing on Allen's motion in arrest of judgment.

## III.    Analysis

On appeal, Allen complains, in general terms, about his counsel's representation leading up to the guilty plea. He first contends his attorney failed to challenge the police officers' assumption that he threw down the marijuana while he was running from them. He urges "the challenge of ownership/possession of the packets of marijuana is central to the defense of these charges." He next notes his attorney did not file any motions, including no motion to suppress, before the plea hearing. Allen also points out counsel did not take depositions.

Allen further argues the factual basis for the plea was "bare bones" and included "no detail necessary to establish a real admission." But he stops short of asserting no factual basis existed for the plea. Finally, Allen contends "there is adequate evidence that Counsel unduly influenced [him] in his decision to plead guilty." Allen summarizes his allegations as counsel's failure "to adequately advise [him] in relation to his decision to plead guilty."

"Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). In other words,

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).

Our supreme court recognized an exception to the waiver-by-guilty-plea doctrine for ineffective-assistance claims alleging counsel's failure to perform "certain pre-plea tasks that ultimately render the plea involuntary or unknowing." *State v. Carroll,* 767 N.W.2d 638, 642 (Iowa 2009). The court equated the voluntariness of the plea with the prejudice element, requiring defendant to establish the guilty plea would not have been entered but for the breach of duty by counsel. *Castro*, 795 N.W.2d at 793.

We first consider the pre-plea tasks that Allen faults his attorney for not completing. Allen states "[a]ppearantly no depositions are taken" and asserts counsel thereby breached an essential duty. Our supreme court has held "it is not always necessary for defense counsel to depose witnesses before trial." *State v. Williams*, 341 N.W.2d 748, 752 (Iowa 1983). Allen discloses no reason why taking depositions was essential to the competent defense of his drug charge or what additional discovery might have revealed that would have prompted him to turn down the plea offer and stand trial. Allen's claim that

counsel failed "to conduct appropriate discovery" is "too general in nature" to allow us to preserve it for a postconviction proceeding. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

Allen next suggests his attorney breached a duty by not filing a motion to suppress. Because counsel has no duty to raise a meritless issue, the resolution of this claim hinges on whether Officer Hamilton violated Allen's constitutional right against unreasonable search and seizure by collecting baggies of marijuana found in a bush on Allen's flight path from the park. Once an individual voluntarily abandons property, he no longer has an expectation of privacy in it and cannot challenge its seizure. *State v. Bumpus*, 459 N.W.2d 619, 625 (Iowa 1990). Because Allen did not have an expectation of privacy in the abandoned drugs, counsel was not ineffective for failing to file a motion to suppress.

Finally, Allen variously contends his trial attorney "unduly influenced" or "failed to adequately advise" or "improperly advised" him to plead guilty in return for the promise of a suspended sentence. Allen does not pinpoint what was improper or missing from his counsel's advice regarding the plea. Allen's appellate counsel refers to his "client's base desire to get out of jail no matter what the cost" and contends trial counsel's advice "merely satisfied" that desire. But Allen does not accuse trial counsel of misinforming him about the law or even misreading the strength of the State's case. Accordingly, Allen fails to establish counsel's plea advice fell below professional norms or that had he received different advice he would have insisted on going to trial.

At the plea hearing, Allen told the court he and his counsel had discussed possible defenses. Counsel told the court he knew of no defenses other than a general denial that could affect the outcome of Allen's case. Allen also said "yes" when the court asked if he was satisfied with the services provided by trial counsel. Allen also confessed in open court to possessing marijuana in the park. Allen at no time expressed any dissatisfaction with counsel, nor the plea agreement despite the opportunity in court to do so.

Allen's change of heart came in response to the State's decision to revoke its recommendation of a suspended sentence. Allen does not contend the State's harsher recommendation breached the plea agreement. And rightly so, the prosecutor reserved the right to seek prison time if Allen violated the law before sentencing. The motion in arrest of judgment[3] was premised on those changed circumstances, as well as Allen's new claim he was innocent of the Washington County charge, but entered a guilty plea so he could more quickly answer charges in another county. The district court appropriately denied Allen's request to withdraw his guilty plea on those grounds.[4]

Allen's cryptic critique of his attorney's plea advice does not satisfy his burden to show counsel's performance fell below professional norms. Moreover, Allen does not even allege on appeal that he would have rejected the original

---

[3] Allen does not allege his counsel was ineffective in regard to the motion in arrest of judgment.
[4] A disappointed expectation of leniency is not enough to require withdrawal of a guilty plea. *State v. Ramirez*, 400 N.W.2d 586, 589 (Iowa 1987). This maxim is especially true here where Allen has only himself to blame for squandering the opportunity for leniency by his own misconduct.

plea agreement and insisted on going to trial if counsel had provided different advice.

**AFFIRMED.**