# IN THE COURT OF APPEALS OF IOWA

No. 20-0064
Filed February 3, 2021

**GREGORY DONALD HARRIS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.

Gregory Harris appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

On the morning his trial was to begin, in exchange for the State's recommendation that he be granted a suspended sentence and immediate release on probation, Gregory Harris pleaded guilty to stalking in violation of a protective order with a habitual-offender enhancement. He subsequently violated his probation, and sentence was imposed.

Harris filed an application for postconviction relief (PCR), asserting—among other things—that trial counsel was ineffective in failing to depose the complaining witness prior to trial. Following a PCR trial, the district court rejected Harris's claims and denied relief. On appeal, Harris contends the PCR court erred in rejecting his claim that his trial counsel was ineffective in failing to depose the complaining witness.

We review PCR proceedings addressing claims of ineffective assistance of counsel de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To prevail on a claim of ineffective assistance of counsel, Harris must show counsel breached a duty and prejudice resulted. *See State v. Boothby*, 951 N.W.2d 859, 863 (Iowa 2020); *Lamasters*, 821 N.W.2d at 866. We affirm the denial of a PCR application if either element is lacking. *See Boothby*, 951 N.W.2d at 863; *Lamasters*, 821 N.W.2d at 866.

Counsel breaches a duty if counsel's performance falls below the standard of a "reasonably competent attorney," and the requisite prejudice exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lamasters*, 821 N.W.2d at 866 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)). "We presume

counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020).

Our review leads us to the same findings and conclusion as the PCR court, which we adopt:

> The record reveals [trial counsel] did not depose the State's witnesses. However, [trial counsel] did thoroughly investigate the testimony of potential witnesses. He hired a private investigator to interview each witness applicant identified as having potentially helpful information for his case. The private investigator even spoke to the [complaining witness].
>
> . . . .
>
> . . . During his trial testimony, Mr. Harris did not identify any specific witness other than the detective and the victim that he claimed had information about his offense. Any claim that the victim had recanted her testimony or allegations is not supported in the record and is in fact flatly contradicted by [her submitted affidavit].
>
> . . . .
>
> It is clear [trial counsel]'s investigation and efforts even without deposing the State's witnesses was thorough. As such, he did not breach his essential duty to reasonably investigate applicant's claim. Nor can the court conclude that there was any showing of prejudice. As set out above, the victim has not recanted her allegations or testimony. [Trial counsel] credibly testified that he had his private investigator interview all of the witnesses, including the victim, and there was no need to depose any witness. In fact, [trial counsel] credibly testified that conducting depositions might well have been detrimental to applicant's case as it would allow the State to prepare their case more thoroughly for trial.

"[I]t is not always necessary for defense counsel to depose witnesses before trial." *State v. Williams*, 341 N.W.2d 748, 752 (Iowa 1983). "A claim for ineffective assistance of counsel . . . can center on a defense attorney's failure to adequately investigate. To provide effective assistance of counsel during the investigatory stage, counsel is required to conduct a reasonable investigation and to make reasonable decisions regarding discovery." *State v. Russell*, 897 N.W.2d 717, 730

(Iowa 2017) (internal citation omitted). The reasonableness of counsel's investigation "must be judged in relationship to the particular underlying circumstances." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001).

Here, trial counsel was aware of what the complaining witness had asserted in her statements to police and to the private investigator. The complaining witness had earlier testified in a civil contempt proceeding about Harris's repeated violations of a protective order and his threats to her. Trial counsel obtained that transcript as "[o]ne of the first things [he] did." Harris was aware of the evidence against him—including his voicemail messages to the complaining witness, which she shared with the police. Harris cannot establish trial counsel's failure to depose the complaining witness would have changed his decision to accept his favorable plea deal (described by the plea-taking court as "the best break I have seen in a really long time" and "a hell of a deal").

Having failed to establish counsel was ineffective, we affirm the denial of his application for PCR.

**AFFIRMED.**