# IN THE COURT OF APPEALS OF IOWA

No. 21-0985
Filed August 3, 2022


**DALE ROBERT TOURNIER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Bremer County, DeDra L. Schroeder,

Judge.


An applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Thomas M. McIntee, Williamsburg, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Dale Tournier was convicted of one count of second-degree sexual abuse of a child under the age of twelve. *See* Iowa Code §§ 709.1; 709.3(1)(b) (2016). In this postconviction-relief (PCR) action, he asserts he was afforded ineffective assistance by his trial counsel and that the trial court abused its discretion by not granting his motion for a new trial. Because his allegations of ineffective assistance are either not preserved or fail because he cannot establish both a breach of essential duty and prejudice, and because res judicata prevents us from reviewing the motion for a new trial, we affirm the denial of his PCR application.

**I. Background Facts and Proceedings.**

Tournier was accused of sexually abusing Z.K., a child who lived next door to Tournier and who often played with his daughter, K.T. On July 4, 2016—when Z.K. was six years old—Z.K. told her grandmother Tournier had earlier that day touched her genitalia and anus. Tournier was charged with two counts of second-degree sexual abuse of a child under the age of twelve. Following advice from his counsel, Tournier waived his right to a jury trial. At the bench trial, Tournier presented evidence from his nine-year-old son and three adults who were in his vicinity during the time he was alleged to have sexually abused Z.K. K.T., who was four years old at the time of the incident and also present during the relevant times, did not testify. The district court found Tournier guilty of one count of second-degree sexual abuse;[1] he was sentenced to twenty-five years in prison and required to register as a sex offender. Tournier appealed, and a panel of this

---

[1] The district court found Tournier had touched Z.K.'s genitalia but that the State had not carried its burden with regards to other contact.

court and then our supreme court affirmed his conviction. *State v. Tournier*, No. 17-1697, 2018 WL 6707740, at *2 (Iowa Ct. App. Dec. 19, 2018) (affirming the conviction and remanding to determine Tournier's ability to pay restitution); *State v. Tournier*, No. 17-1697, 2019 WL 1868199, at *1 (Iowa Apr. 26, 2019) (per curiam) (affirming the conviction and remanding with additional instructions for determining restitution). Tournier then applied for PCR, which the PCR court ultimately denied. He now appeals.

**II. Error Preservation.**

The State argues that several of Tournier's challenges are not preserved for our review. For the reasons stated below, we agree.

Tournier's first argument is that his trial counsel was ineffective with regards to the waiver of a jury trial. His most pressing concern is that trial counsel did not properly vet the district court judge, including asking questions on the record about potential biases and background. Tournier alleges the trial court had "a deep-seated personal bias" about the veracity of child sex-abuse victims after stating, "In the Court's opinion, its experience, . . . a child that age does not . . . initiate that kind of conversation [about sexual contact] unless . . . it's something they've actually experienced." Tournier acknowledges that error has not been preserved as it was not raised to or ruled upon by the PCR court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). So, he presents the issue as a matter of ineffective assistance of counsel to bypass our typical error-preservation concerns. *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-

of-counsel claims are not bound by traditional error-preservation rules."). Were Tournier stating his PCR counsel was ineffective for failing to raise the issue to the PCR court, this exception would open a road over error preservation to him; but here, the barrier remains because Tournier's focus is the ineffective assistance of his trial counsel, not his PCR counsel, and traditional rules of error preservation apply. *See Ross v. State*, No. 19-1920, 2021 WL 1016570, at *3 (Iowa Ct. App. March 17, 2021).[2] Also in regards to the jury-trial waiver, Tournier argues his trial counsel was ineffective for having the waiver proceedings at the time of trial rather than ten days prior as required by Iowa Rule of Criminal Procedure 2.17(1) and failing to advise him the judge would have information about Tournier's prior convictions that a juror would not. Again, these arguments were not raised to nor ruled upon by the PCR court, so error has not been preserved. *See Meier*, 641 N.W.2d at 537.

**III. Analysis.**

Tournier makes two sets of arguments: (1) various allegations that his trial counsel provided ineffective assistance and (2) that the district court abused its discretion in denying his motion for a new trial. Generally, a review of the dismissal of a PCR application is for errors at law, but we review ineffective-assistance-of-counsel allegations de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

---

[2] Tournier raises this same concern under two separate headings in his brief. Seeing no meaningful distinction between the two arguments, we address them as one.

A. Ineffective Assistance of Counsel.

Tournier posits his trial counsel was ineffective in failing to (1) ensure the court properly explained the consequences of waiving the right to a jury trial, (2) call K.T. as an eyewitness, and (3) take depositions of K.T. and Z.K. before the trial. And, together, he believes these failures amount to cumulative error.

To prove ineffective assistance, an applicant must prove (1) a breach occurred when their counsel failed to perform an essential duty and (2) that failure resulted in prejudice. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). Failure to prove either prong is fatal to the claim. *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999).

To prove breach of essential duty, Tournier has the burden to prove "his trial attorney performed below the standard demanded of a 'reasonably competent attorney.'" *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We do not second guess "counsel's reasonable tactical decision[s]" and begin from the presumption the attorney acted competently. *Id.* "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Id.* (citation omitted). The prejudice prong requires the applicant to "show the probability of a different result is 'sufficient to undermine confidence in the outcome.'" *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010) (citation omitted). "In determining whether this standard has been met, we must consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was

pervasive or isolated and trivial." *State v. Graves*, 668 N.W.2d 860, 882–83 (Iowa 2003).

       *i. Jury-Trial Waiver.*

Tournier renews his argument that his counsel inadequately informed him about the decision to waive his right to a jury trial, meaning the waiver was made unknowingly, involuntarily, and unintelligently. *See* Iowa R. Crim. P. 2.17(1) ("Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record . . . ."). A court ensures this waiver is made voluntarily and intelligently by conducting a colloquy, on the record, asking and informing the defendant that "(1) twelve members of the community compose a jury; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." *State v. Liddell*, 672 N.W.2d 805, 810–11 (Iowa 2003) (citation omitted). The court should also "ascertain whether [the] defendant is under [the] erroneous impression that he or she will be rewarded, by either court or prosecution, for waiving [a] jury trial." *Id.* at 811 (alterations in original).

Tournier filed a written waiver to a jury trial. The waiver had a list of things the court would ensure Tournier was aware of, including that:

> 1. Twelve (12) members of the community compose a jury;
> 2. The Defendant may take part in jury selection;
> 3. Jury verdicts must be unanimous;
> 4. The Court alone decides guilt or innocence if the Defendant waives a jury trial;
> 5. Whether the Defendant is under the erroneous impression that he or she will be rewarded, by either the Court or by the prosecution, for waiving a jury trial.

And, at the waiver hearing before Tournier's trial, the district court conducted a thorough colloquy that addressed all these issues and others. Tournier confirmed he understood each of them. Combined, these facts create prima facie evidence that the waiver was voluntary, knowing, and intelligent. *See id.* ("There is prima facie evidence [the defendant] waived his right to a jury trial knowingly, voluntarily, and intelligently, because [the defendant] personally signed a written waiver of his right to a jury trial which is part of the record before us."); *see also State v. Miranda*, 672 N.W.2d 753, 763–64 (Iowa 2003) (finding a jury-trial waiver was knowing, intelligent, and voluntary when the district court "conducted an extensive in-court colloquy" with the defendant that substantially complied with the topics of inquiry found in *Liddell*). As further support, at the PCR hearing, Tournier agreed he "knowingly, voluntarily, and intelligently waive[d his] right under the United States and Iowa Constitution to have a jury trial." We find no evidence to the contrary; Tournier's counsel breached no essential duty over informing him about the jury-trial waiver. *See Liddell*, 672 N.W.2d at 811 ("[The defendant] bears the burden to show his waiver was not knowing, voluntary, and intelligent, but on appeal he fails to point to any evidence to suggest otherwise. Thus we cannot conclude [the defendant's] trial counsel breached an essential duty; his ineffective-assistance of counsel claim must fail." (internal citations omitted)).

   *ii. K.T. as an Eyewitness.*

   Tournier next asserts his counsel breached an essential duty by not having his daughter, K.T., testify at the trial—what Tournier describes as "a fundamental mistake of judgment with epic negative consequence." But, at the PCR hearing, Tournier's trial counsel testified that he did not feel the daughter's testimony was

necessary because Z.K.'s story was "inconsistent with her [Child Protection Center] interview," because she was very young, and because she often answered questions with "I don't remembers." He also testified that he and Tournier together agreed that, because the allegations occurred while there were adults in the home, presenting just the adults' testimony that they had seen no inappropriate behavior was sufficient. *See Ondayog*, 722 N.W.2d at 785 ("Courts generally presume counsel is competent and a 'defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."'"). Tournier has made no argument why this strategy was unreasonable. But, even if Tournier could show this was a breach of an essential duty, he cannot establish that calling K.T. would have changed the outcome. When K.T. testified at the PCR hearing, she said she did not see Tournier "do bad touches" to Z.K. but that she had only learned what a bad touch was weeks earlier in school—years after the incident took place. And while Tournier states the outcome of his trial might have been different if the child had testified that he never pulled Z.K.'s pants or underwear down or placed his hand inside Z.K.'s clothes or genitalia, he can offer no proof that is what she would have testified to or even that she could have had such an understanding at a younger age. *See State v. Couser*, 567 N.W.2d 657, 660 (Iowa 1997) ("Just as we are unable to conclude that counsel's tactical decision was not fully justified, we are similarly unable to conclude, even with the benefit of hindsight, that the result of including that offense was prejudicial to the defendant."). And, her testimony would have only added to the adults who testified they did not witness any of the abuses alleged. *See Schrier v. State*, 347 N.W.2d 657, 664 (Iowa 1984) ("[T]he withholding of cumulative testimony is not a sufficient

showing of prejudice . . . .").  Unable to meet either the breach or prejudice prong, this argument must fail.

       *iii.  Failure to Investigate.*

       Tournier's next argument is similar to his last, namely that his trial counsel failed to investigate and depose K.T.[3]  Tournier asserts the failure to depose K.T. left the "allegations [against him] largely untested and deprived [him] an effective defense."  But, "it is not always necessary for defense counsel to depose witnesses before trial."  *State v. Williams*, 341 N.W.2d 748, 752 (Iowa 1983).  And, the decision not to depose K.T. is consistent with trial counsel's strategic decision to rely on the testimony of other, adult witnesses rather than K.T.  *See Schrier*, 347 N.W.2d at 664 ("[C]ounsel's failure to call these witnesses involved the consistent application of the same trial strategy which supported his determination not to call petitioner as a witness.").  As Tournier has shown no breach, this argument must fall with his last.

       *iv.  Cumulative Error.*

       Tournier's final ineffective-assistance claim is that all of his trial counsel's errors together amount to cumulative error.  *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012) ("If the defendant raises one or more claims of ineffective assistance of counsel, and the court analyzes the prejudice prong of *Strickland*

---

[3] Tournier makes a similar claim about investigating Z.K.  At the PCR hearing, the issue was briefly danced around but never addressed head on; accordingly, the PCR court did not rule on it and no post-trial motion was filed seeking a ruling.  *See Meier*, 641 N.W.2d at 537 ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").  We do not address this unpreserved issue.

without considering trial counsel's failure to perform an essential duty, the court can only dismiss the post-conviction claim if the alleged errors, cumulatively, do not amount to *Strickland* prejudice.").  But, because we have analyzed Tournier's assertions of ineffective assistance through the essential duty prong and found no breach, we need not consider cumulative error.

B.  Motion for a New Trial.

Tournier argues the trial court abused its discretion by failing to grant him a new trial because the verdict was contrary to the weight of the evidence.  As the PCR court noted, this issue was raised in Tournier's direct appeal.  *See Tournier*, 2019 WL 1868199, at *1 (affirming in relevant part *Tournier*, 2018 WL 6707740, at *1–2).  As the issue has been fully litigated already, we do not address it.  *See Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point." (quoting *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971))); *see also* Iowa Code § 822.8 (2021) ("Any ground finally adjudicated . . . in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.").

**IV. Conclusion.**

Because Tournier's ineffective-assistance-of-counsel claims are either unpreserved or unable to support both breach of an essential duty and prejudice,

and because res judicata bars us from reviewing his motion-for-a-new-trial claim, we affirm the denial of his PCR action.

**AFFIRMED.**