**STATE of Iowa, Appellee,**

v.

**William Joseph HEACOCK, Appellant.**

**No. 93–1267.**

Supreme Court of Iowa.

Sept. 21, 1994.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Fred H. McCaw, Co. Atty., and Christine O. Corken, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

In this appeal following a jury conviction of felonious child endangerment, defendant assails the jury instructions on two assignments. Because error was not preserved for one of the challenges, defendant is driven to mount it by claiming his counsel was ineffective in failing to object to the instructions. We find that defendant has been unable to carry his burden of showing the necessary prejudice. On the other assignment we find no error. Hence we affirm.

Police were summoned to the home of Karen B. on a report of a choking baby. They found Karen's baby daughter, C.B., lying in the middle of the floor. She was having difficulty breathing and her jaws were clenched tightly. After she was taken to the hospital, police interviewed the child's caretaker, defendant William Heacock, Karen's live-in boyfriend. Heacock stated he was left to care for C.B. while Karen went shopping.

According to Heacock, he was in the kitchen filling out an employment time slip when he decided to check on C.B. He found her in the front room choking. He said he picked C.B. up and put her on top of a hutch to help him clear her air passage. Heacock stated that C.B. was kicking and resisting his aid when he lost his grip and she fell to the floor. When he attempted to pick her up, he said she kicked loose and fell again. He said he shook her, and sprinkled water on her to cool her off. He told police he ultimately retrieved a pink hair band from her throat. Police found such a band on the kitchen counter. When C.B. did not recover, he started calling retail stores until he found Karen. She returned home and called for emergency help.

Heacock was charged with felonious child endangerment in violation of Iowa Code section 726.6 (1991). At trial Heacock repeated the story he told police. C.B.'s numerous treating and examining physicians all testified that she exhibited classic symptoms of shaken-baby syndrome. These included bruising and swelling on C.B.'s body, her irregular heartbeat, low heart rate, retinal hemorrhaging, and bleeding and swelling of the brain. The jury found Heacock guilty and he was sentenced to a maximum of ten years. The matter is before us on Heacock's appeal.

I. Iowa Code section 726.6 provides several alternative means of committing child endangerment. Those involved here are:

1. A person ... having custody or control over a child ... commits child endangerment when the person does any of the following:

a. Knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety.

b. By an intentional act or series of intentional acts, uses unreasonable force, torture or cruelty that results in physical injury, or that is intended to cause serious injury.

Iowa Code § 726.6(1).

As can be seen Iowa Code section 726.6(1)(b) is an alternative of the offense that in turn divides itself into two separate alternatives. Under the first the offense occurs when a person commits an intentional act (or a series of acts or uses unreasonable force, torture or cruelty) that *results in physical injury.* Under the second alternative the offense occurs when a person commits an intentional act (or a series of acts or uses unreasonable force, torture or cruelty) that *is intended to cause serious injury.* The first alternative is a general intent crime; the second is a specific intent crime. Child endangerment resulting in serious injury to the child is a class "C" felony. Iowa Code § 726.6(2). Child endangerment not resulting in serious injury is an aggravated misdemeanor. Iowa Code § 726.6(3).

The amended trial information reformulated the charge into two alternatives, as follows:

1. Heacock intentionally used unreasonable force against C.B. that was intended to cause serious injury and did in fact cause serious injury, or

2. Heacock knowingly acted in a manner that created a substantial risk to C.B.'s physical, mental or emotional health, or which did in fact cause serious injury to C.B.

The marshaling instruction given by the court to the jury provided:

Instruction No. 17. In order to convict the defendant of child endangerment with serious injury the State must prove all of the following elements:

1. On the 6th day of October, 1992, the defendant was a person having control over [C.B.].

2. [C.B.] was under the age of fourteen years.

3. a. The defendant intentionally used unreasonable force that resulted in physical injury to [C.B.], or

b. The defendant knowingly acted in a manner that created a risk to [C.B.'s] physical, mental or emotional health or safety.

4. The defendant's acts resulted in serious injury to [C.B.].[1]

Heacock argues trial counsel breached an essential duty to make an objection to instruction 17. He thinks instruction 17 improperly substituted the phrase "intentionally used unreasonable force that resulted in physical injury" for the trial information phrase "intentionally used unreasonable force ... that was intended to cause serious injury...." Prejudice resulted from the breach, Heacock argues, because the variance in the instruction "robbed" him of his primary defense, his lack of a specific intent to injure the child.

The dispute at this point focuses on the trial information ("did intentionally use unreasonable force against [C.B.] that was intended to cause serious injury and did cause serious injury"). Heacock thinks the information locks the State into the second alternative, the specific intent crime. The State contends the instruction properly included all allegations in the amended trial information.

■ We need not resolve the conflicting contentions, even assuming error in the challenged marshaling instruction. For reasons that follow we think Heacock has failed in his burden of showing a different result was probable if the instruction had been worded in accordance with his present theory. Had it been preserved by objection, Heacock's

---

1. Instruction 18 informed the jury on the included offense of child endangerment without serious injury (omitting only element four of instruction 17). The jury did not reach instruction 18 because it found Heacock guilty of the greater offense under instruction 17.

claimed error may have demanded reversal. But error was not preserved and the fundamental rule is that it was therefore waived. *State v. Goff,* 342 N.W.2d 830, 837 (Iowa 1983). This canon can be obviated only in those rare situations that qualify as an unconstitutionally unfair trial.

To establish a claim of ineffective assistance of counsel under the Sixth Amendment of the federal Constitution, the defendant must show: (1) that counsel's performance fell outside the normal range of competency; and (2) that the deficient performance so prejudiced the defendant as to give rise to a reasonable probability that, but for counsel's errors, the result in the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. McKettrick,* 480 N.W.2d 52, 55 (Iowa 1992); *Kane v. State,* 436 N.W.2d 624, 627 (Iowa 1989); *State v. Hildebrant,* 405 N.W.2d 839, 841 (Iowa 1987).

We think it unlikely that the specific intent requirement that Heacock suggests for instruction 17 would have resulted in a different verdict. Because we find no reasonable probability of a different verdict here, there was no prejudice. There is thus

no merit in Heacock's first challenge to the instructions.

II. In a second assignment Heacock complains that the trial court erred in refusing to include assault causing bodily injury or aggravated assault in violation of Iowa Code section 708.1 as lesser included offenses. We follow the "impossibility test" when analyzing lesser included offenses. It provides:

> To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed a lesser. This approach simply looks to the elements of the main and lesser crimes as set out by the applicable statutes, rather than to the charge or the evidence. In employing this mechanical approach, a court places the applicable statutes side-by-side and examines their elements in the abstract. The comparison must produce a nearly perfect match. If the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater.

*State v. Jeffries,* 430 N.W.2d 728, 730 (Iowa 1988).

In applying the test, we therefore consider the three crimes side-by-side.[2]

| Section 726.6 (1)(a), (b) Child Endangerment | Section 708.1 (1), .2(1) Aggravated Assault | Section 708.1 (1), .2(2) Assault Causing Bodily Injury |
|---|---|---|
| **Element 1:** A person who is the parent, guardian, or person having custody or control over a child ... under age eighteen. | Person does any act intended to cause serious injury to another. | Person does any act intended to cause pain or injury, but not serious injury. |
| **Element 2:** Alternatives of (a) knowingly acts in a manner which creates a substantial risk to a child's physical, mental or emotional health or safety; or (b) by intentional act, uses unreasonable force, torture or cruelty that ei- | Coupled with the apparent ability to execute the act. | Causes bodily injury or disabling mental illness. |

---

**2.** Chapter 708 *Assault* sets out four degrees of assault, but defendant only argues that aggravated assault (Iowa Code § 708.2(1)) and assault causing bodily injury (Iowa Code § 708.2(2)) are lesser included offenses of child endangerment.

ther: (i) results in physical injury; or (ii) is intended to cause serious injury.

Element 3:

No injury required.

■ The district court undertook this analysis and found the two lesser crimes required an "intent to inflict pain or injury," which was not required to show child endangerment.

The third alternative of child endangerment requires the defendant knowingly act in a manner that creates a substantial risk of harm. Iowa Code § 726.6(1)(a). Again no intent to injure is required. In addition aggravated assault requires an "apparent ability to execute the act." Iowa Code § 708.1(1). Child endangerment contains no such element.

Defendant argues that both offenses require an intentional act and cannot be distinguished on that ground. Under the first alternative of child endangerment, the act causing injury must itself be intentional, but the resulting injury need not be intended. This is however different from assault, which requires an act intended to cause injury.

We find that aggravated assault under sections 708.1(1) and 708.2(1) and assault causing bodily injury under sections 708.1(1) and 708.2(2) are not lesser included offenses of child endangerment under section 726.6.

**AFFIRMED.**