**Richard J. McLAUGHLIN, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 94–334.

Supreme Court of Iowa.

June 21, 1995.

Thomas G. Reidel, Muscatine, for appellant.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., Richard R. Phillips, County Atty., and Ann Terry and Dana Christiansen, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

This postconviction action by Richard McLaughlin challenges his conviction of several counts of sexual offenses. He bases his claim on the alleged ineffectiveness of his trial lawyer. The district court rejected his postconviction application, but the court of appeals reversed. We affirm in part and reverse in part as to both the decision of the court of appeals and the judgment of the district court.

McLaughlin, a former dance instructor, was charged with various sexual offenses in-

volving four of his students. The charges included third-degree sexual abuse, lascivious acts with a child, assault with intent to commit sexual abuse, indecent contact with a child, and lascivious conduct with a minor.

During its deliberation, the jury submitted this written question to the trial judge: "Counts III, V, VI, concerning [victim M.A.], we do not understand which incident matches which charge." Count III charged third-degree sexual abuse; Counts V and VI charged lascivious acts with a child. All of these counts involved acts against only one victim, M.A.

When the court received the jury's question, it notified the prosecutor and the defense attorney and requested their presence in chambers to consider the matter. McLaughlin was not present at this time. The court had allowed him to go home (about ten minutes away) to await the verdict.

The judge proposed this response to the jury's note:

Count III—December 1990, alleged shower incident at the defendant's home. Alleged touched breasts and vaginal area. Count V—April 28, 1990, alleged shower incident at defendant's home. Also alleged measure for costume with no clothing. Alleged touched breasts and vaginal area. Count VI—December 1990, alleged defendant got in shower with her. Alleged touched breasts and vaginal area.

See instructions for further information regarding each count.

The district court submitted the proposed instruction without objection.

The jury convicted the defendant on eight counts. The court of appeals, in an unpublished opinion, affirmed defendant's convictions on direct appeal, but preserved for postconviction relief the issue of whether defendant's attorney rendered ineffective assistance in connection with the jury's note.

The defendant filed this postconviction action. At the postconviction hearing, defendant's trial attorney stated that he was ill during the trial and "not at the top of his game." He testified that he had sent the defendant home to await the verdict and could not recall summoning him for consider-

ation of the jury's note. He stated that he did not object to the supplemental instruction because the judge had "simply tried to straighten out" the jury's confusion and that he did not feel the instruction prejudiced the defendant in any way.

The district court denied postconviction relief, but the court of appeals reversed as to all counts on the basis of ineffective assistance of counsel with respect to the supplemental instruction on Counts III, V, and VI.

■■■ The standard of review on appeal from the denial of postconviction relief is for errors at law. *Kane v. State,* 436 N.W.2d 624, 626 (Iowa 1989). When there is an alleged denial of constitutional rights, however, we make our own evaluation of the totality of the circumstances in a de novo review. *Id.; Taylor v. State,* 352 N.W.2d 683, 684 (Iowa 1984).

■■■ To establish a claim of ineffective assistance a defendant must show that: (1) counsel's performance fell outside the normal range of competency; and (2) the deficient performance so prejudiced the defendant as to give rise to a reasonable probability that, but for counsel's errors, the result would have been different. *State v. Heacock,* 521 N.W.2d 707, 710 (Iowa 1994) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)).

■■■ Defendant bases his ineffective-assistance claim on his attorney's failure to: (1) secure his presence during the meeting in which the district court considered the note from the jury; and (2) object to the supplemental instruction, or answer, given by the district court.

In support of his first argument, he cites Iowa Rule of Criminal Procedure 18(5)(g), which states:

After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information required may be given, in the discretion of the trial court.... Where the court gives the jury

additional instructions, this shall appear of record. *Provided, that the procedures described in this section shall take place in the presence of the defendant and counsel for the defense and prosecution, unless such presence is waived.*

(Emphasis added.) Several of our cases have applied rule 18(5)(g) in the context of a court's response to jury questions. *See, e.g., State v. Meyers,* 426 N.W.2d 614, 617 (Iowa 1988) ("[T]rial courts should generally conduct all matters involving jury inquiry in the presence of the defendant and counsel."); *State v. Griffin,* 323 N.W.2d 198, 201 (Iowa 1982) ("[T]he trial court has discretion whether, and to what extent, a jury inquiry should be answered; but it has no discretion in deciding whether the defendant and counsel need to be present."); *State v. Epps,* 313 N.W.2d 553, 556 (Iowa 1981) ("We have consistently disapproved of trial courts having private communications with jurors."); *State v. McKee,* 312 N.W.2d 907, 914 (Iowa 1981) ("[T]he procedures involved in giving additional instructions must take place in the presence of defendant and his attorney, unless such presence is waived."); *State v. Snyder,* 223 N.W.2d 217, 221–22 (Iowa 1974).

We have held that the absence of the accused when additional instructions are given raises a presumption of prejudice necessitating reversal unless the record affirmatively shows the instruction had no influence on the jury's verdict prejudicial to the defendant. *See Meyers,* 426 N.W.2d at 616; *Griffin,* 323 N.W.2d at 201; *Snyder,* 223 N.W.2d at 221–22.

Failure to strictly comply with rule 18(5)(g) is not necessarily prejudicial. For example, in *State v. Dreessen,* 305 N.W.2d 438, 440–41 (Iowa 1981), we held that the court's statement to the jury that they should rely on their own recollections regarding the factual evidence did not rise to the level of prejudice. In *State v. Gardner,* 490 N.W.2d 838, 842 (Iowa 1992), the jury sent a note asking "[m]ay we see the depositions and admission?" The defendant was not present when the court and the lawyers considered the response to be made to the note. The court's response, written on the jury's note, was terse: it simply said "no." Because the

depositions and admission were not part of the record, we held that this response was the only one that could be made to the jury's question, and the failure to secure the presence of the defendant was harmless beyond a reasonable doubt. *Gardner,* 490 N.W.2d at 843.

Also, in *Kane,* 436 N.W.2d at 628–29, we held that only one answer could be given and that it was not reversible error to fail to obtain the presence of the defendant in connection with the supplemental instruction. In *Kane,* we noted that the jury's question in effect asked the judge to comment on the evidence, and the court gave the only answer that it could in response to the supplemental inquiry—that the jury would have to rely on their own recollections.

In contrast to the *Kane* case, the jury note in the present case in effect asked the judge to clarify matters involving the evidence about which the jury was apparently confused. The court, by the supplemental instruction, identified and restated evidence that was a part of the State's case. In effect, this amounted to a comment on specific evidence. We cannot find under these circumstances that the court's supplemental instruction was not prejudicial, at least as to those counts that involved victim M.A.

█ The question remains what remedy should be applied. We conclude that the State failed to rebut the presumption of prejudice as to Counts III, V, and VI, involving one of the alleged victims. However, there was no presumption of prejudice as to any of the other counts, which involved acts against other victims. These counts could even have been tried as separate cases. Iowa Rule of Criminal Procedure 6(1) provides:

> Two or more public offenses which arose from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan *may* be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

(Emphasis added.)

The remaining counts of the information, involving charges arising from acts commit-

ted against other victims, were not involved in the court's response to the jury, and we affirm the convictions on those counts.

In cases in which there are more than one count, or more than one defendant, or both, the jury should return a separate verdict with regard to each defendant and to each count. Then if it is found that there was error requiring reversal on one count or with regard to one defendant, the case need not be retried as to all.

3 Charles A. Wright, *Federal Practice and Procedure* § 513, at 12–13 (1982) (footnotes omitted); *see United States v. Varkonyi,* 611 F.2d 84, 86 (5th Cir.1980). We reverse as to Counts III, V, and VI and in all other respects affirm the judgments of the district court. We remand for a new trial on Counts III, V, and VI.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND REVERSED IN PART.**