# IN THE COURT OF APPEALS OF IOWA

No. 14-1744
Filed September 14, 2016

**TIMOTHY S. BENJEGERDES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Worth County, Gregg R.
Rosenbladt, Judge.

        An applicant appeals the denial of his application for postconviction relief.
**AFFIRMED.**

        Kent A. Simmons, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney
General, for appellee State.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Timothy Benjegerdes appeals the denial of his application for postconviction relief, asserting the district court erred in determining his counsel was not ineffective for failing to investigate certain facts, litigate his motion to suppress, and impeach the victim's credibility. He also claims the court erred in denying his motion for public disclosure. Finding none of Benjegerdes's assertions persuasive, we affirm.

I.      Background Facts and Proceedings

In 2009, a jury convicted Benjegerdes of one count of sexual abuse in the third degree, in violation of Iowa Code sections 709.1(3) and 709.4(2)(b) (2009).[1] Benjegerdes's conviction was affirmed on direct appeal. *State v. Benjegerdes*, No. 09-1230, 2011 WL 3925411, at *4 (Iowa Ct. App. Sept. 8, 2011). In 2012, Benjegerdes filed an application for postconviction relief, claiming his trial counsel was ineffective on multiple fronts. Following two amendments to Benjegerdes's application, his action came on for hearing in April 2014. On September 25, 2014, the postconviction court issued its ruling, which found Benjegerdes's counsel was not ineffective and denied his application for postconviction relief.

II.      Standard of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010) (quoting *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995)). However, alleged

---

[1] Benjegerdes was charged with two counts of sexual abuse in the third degree stemming from incidents involving two separate minor victims. The jury acquitted Benjegerdes on one of the counts.

"violations of his constitutional rights are reviewed 'in light of the totality of the circumstances and the record upon which the postconviction court's ruling was made.'" *Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010) (citations omitted). "This is the functional equivalent of de novo review." *Id.* "Thus, we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

### III.     Ineffective Assistance of Counsel

Benjegerdes argues the postconviction court erred in its consideration of his ineffective-assistance claim. Specifically, Benjegerdes claims his trial counsel was ineffective in: (1) failing to investigate and develop impeachment evidence against the investigating officer; (2) failing to effectively litigate the motion to suppress; and (3) failing to effectively impeach the victim's credibility. The State asserts the district court properly concluded Benjegerdes's counsel made reasonable strategic decisions and was therefore not ineffective.

Counsel is ineffective when counsel's performance, measured against objective standards, falls below professional norms. *State v. Clay*, 824 N.W.2d 488, 494–95 (Iowa 2012). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

Whether counsel failed to perform an essential duty is measured against the objective standard of a reasonably competent practitioner. *Id.* at 195–96. We begin with the presumption that counsel performed their duties competently, and "this court 'avoid[s] second-guessing and hindsight.'" *Id.* at 196 (alteration in

original) (quoting *Ledezma*, 626 N.W.2d at 142). Further, we analyze the claim based on the totality of the circumstances. *Id.* Strategic decisions made based on thorough investigation and reasonable professional judgments are "virtually unchallengeable." *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984)).

### A. Credibility of Investigating Officer

Benjegerdes argues his trial counsel failed to effectively investigate and develop impeachment evidence against the investigating officer. He claims his counsel should have attacked the officer's credibility based on the officer's alleged: (1) relationship with the family of the victim, (2) failure to follow protocol during the investigation, (3) tampering with phone-record evidence, and (4) overall dishonesty.

Benjegerdes's complaints are unpersuasive. His trial counsel had thirty years of experience, which included handling class "A" felonies and sexual assault cases. Counsel testified he took Benjegerdes's case particularly seriously because of the severity of the charges. Trial counsel specifically challenged the officer during cross-examination based on his stepdaughter's relationship with the victim, his conduct during the investigation, and the phone record evidence. The specificity and depth of counsel's cross-examination of the officer indicates he conducted a thorough investigation and prepared extensively. Based on his investigation and preparation, counsel made reasonable strategic decisions in cross-examining the officer. Therefore, we agree with the postconviction court counsel did not fail to perform an essential duty in

investigating and developing impeachment evidence against the investigating officer.

### B.    Motion to Suppress

Benjegerdes next asserts his trial counsel failed to litigate his motion to suppress evidence. He claims his counsel should have raised the search and seizure issue under Iowa Code chapter 808A, which applies to student searches, rather than on constitutional grounds. The State argues Benjegerdes's counsel made a reasonable strategic decision by basing the motion to suppress on constitutional grounds.

Trial counsel testified that he reviewed chapter 808A and did not believe it applied to the search and seizure issue. Counsel also stated he was concerned that raising the issue under chapter 808A may be less persuasive than raising it under constitutional grounds and that he wanted to focus on more persuasive arguments. Counsel's testimony indicates that he reviewed the relevant law regarding search and seizure and chose the grounds he believed had the best chance of success in his motion to suppress. Indeed, counsel litigated the search and seizure issue under the broader protections of the Federal Constitution, rather than focusing on the less protective context of school searches. *See State v. Jones*, 666 N.W.2d 142, 145–46 (Iowa 2003) ("Although students maintain their constitutional rights within the school setting, the United States Supreme Court has acknowledged this setting 'requires some easing of the restrictions to which searches by public authorities are ordinarily subject.'" (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 340 (1985))). Counsel's choice was a reasonable strategic decision based on informed professional judgment.

Therefore, we agree with the postconviction court's conclusion counsel did not fail to perform an essential duty in litigating the motion to suppress.

C.      Credibility of Victim

Benjegerdes also asserts his trial counsel failed to perform an essential duty by not effectively impeaching the victim's credibility. He argues his counsel should not have stipulated to the authenticity of the victim's phone records and should have impeached the victim's credibility using the phone records and social network evidence. The State claims counsel made reasonable strategic decisions in his cross-examination of the victim.

Trial counsel testified he believed he and the State reached an agreement regarding the foundation of the phone records because both sides planned on using them at trial. Counsel noted that he generally approaches child sex abuse victims carefully on cross-examination and that he believed he used the phone records to effectively impeach the victim and thereby created some doubt as to her credibility. We note the record reflects counsel's extensive use of the phone records in his cross-examination of the victim. As far as the social network evidence was concerned, counsel testified he had concerns over the admissibility, relevance, and helpfulness of such information. Both counsel's testimony and the trial record indicate counsel was fully aware of the evidence at his disposal, devised a reasonable trial strategy, prepared extensively, and made reasonable, informed strategic decisions throughout the trial. Therefore, we agree with the postconviction court that counsel did not fail to perform an essential duty in attempting to impeach the victim's credibility.

IV.     Open Records Act

Benjegerdes next argues the postconviction court erred in its consideration of his open-records-act claim. Specifically, Benjegerdes claims the court should have unsealed testimony taken during the postconviction trial. The State asserts open- records claims are not appropriate for postconviction actions.

Postconviction actions are governed by chapter 822 of the Iowa Code. Postconviction actions may be brought when: (1) a conviction or sentence is unconstitutional; (2) the court lacked jurisdiction to impose a sentence; (3) the sentence is greater than allowed by law; (4) new evidence exists; (5) a person is being unlawfully held; (6) a sentence reduction has been illegally disallowed; or (7) a conviction or sentence is subject to collateral attack. Iowa Code § 822.2(1)(a)–(g).

Benjegerdes describes the open-records question now before us as: "whether the testimony [a former sheriff] gave in the instant PCR hearing on the merits should be a matter of public record at this time, and for all time hereafter." Open-records claims are not actionable under chapter 822. Further, the answer Benjegerdes seeks has no bearing on the substantive issues in front of the postconviction court or this court on appeal. Accordingly, we conclude Benjegerdes's open-records-act claim is improper for a postconviction action, and we decline to consider it on appellate review of postconviction proceedings.

V.    Conclusion

As we conclude the district court properly denied Benjegerdes's claim of ineffective assistance of counsel, we affirm the district court's denial of Benjegerdes's application for postconviction relief.

**AFFIRMED.**