# IN THE COURT OF APPEALS OF IOWA

No. 16-1188
Filed July 19, 2017

**CHRISTOPHER LAPOINTE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.

Applicant appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

Alfredo Parrish of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Christopher LaPointe appeals the district court's denial of his application for postconviction relief. We find LaPointe was not prejudiced by trial counsel's failure to object during the victim impact statement, the State made sufficient arguments in support of the plea agreement, and LaPointe knowingly and voluntarily waived the use of a presentence investigation during sentencing. We affirm the district court.

## I. Background Facts and Proceedings

On December 2, 2014, LaPointe pled guilty to one count of second-degree burglary, in violation of Iowa Code section 713.5 (2014), and one count of third-degree sexual abuse, in violation of Iowa Code section 709.4. The State agreed to recommend concurrent ten-year sentences in exchange for LaPointe's guilty plea. Sentencing occurred immediately after the guilty plea was accepted, and LaPointe waived the use of a presentence investigation. The colloquy regarding the presentence investigation stated:

> THE COURT: In addition, if sentencing was set out at a later time, I am going to order today a presentence investigation report be done which is a background report about you. That report could contain favorable information to you.
> However, if you are sentenced today, I will not have that report available for my use. Do you understand that?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you wish to waive the use of the presentence investigation report so you can be sentenced today?
> THE DEFENDANT: Yes, Your Honor.

At sentencing the State recommended concurrent ten-year sentences. C.M., the victim, gave a victim impact statement pursuant to Iowa Code section 915.21. In part, C.M. stated:

There needs to be consequences to his action. I feel the defendant should be incarcerated for more than 10 years, not only for the burglary and the sexual abuse, but for stealing my innocence, trust in humanity, confidence, strength, fearlessness, but especially for the love that I had for life.

More importantly, has he done this before? Could I truly be the only one? Has his actions affected other women? I don't know because of his persuasive abilities to get a room key that wasn't his, to sway a maintenance man to unlock a safety latch, he has the capability of doing anything. For my safety and the safety of other women that one day may live or work near him, I ask you please put him on the sexual offenders list for a lifetime.

The district court imposed two consecutive ten-year sentences.[1]

On March 25, 2015, LaPointe filed a pro se motion for reconsideration, but the district court made no modifications. LaPointe filed an application for postconviction relief on July 31. A hearing was held June 2, 2016, and LaPointe's application was denied June 30. LaPointe now appeals.

## II. Standard of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995). However, "[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the totality of the circumstances in a de novo review." *Id.* Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed

---

[1] The district court made a substantial record at the time of the entry of the pleas that it was not bound by any plea agreement and specifically stated it could impose consecutive sentences of up to twenty years. LaPointe acknowledged this possibility and choose to go forward.

deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

### III. Victim Impact Statement

LaPointe claims trial counsel was ineffective as he failed to object to portions of C.M.'s victim impact statement. C.M. stated "I feel the defendant should be incarcerated for more than ten years" and questioned if LaPointe had committed similar offenses in the past.[2] Our supreme court has held even when a victim statement is improper, prejudice does not automatically follow. *See State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). Additionally, "we trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *Id.* The defendant is required to make an affirmative showing the district court relied on improper evidence to overcome the presumption. *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996).

In order to find prejudice, we must find the district court considered improper statements. LaPointe claims the district court did consider what he asserts were the improper portions of the statement, and if the district court had not considered those portions, the outcome would have been different.

During the sentencing the district court stated in part:

> This was a calculated and violent offense when you look at the impact on this victim of the sexual assault. *I don't know what happened from the time all of these people sent letters telling me about your high moral character and what happened on April 11th*

---

[2] The State claims LaPointe preserved error only regarding the statement concerning the period of incarceration. We find LaPointe preserved error as to both challenged statements.

*of 2014, but those clearly are not talking about the same type of individual.*

The dramatic and long-lasting impact these two offenses have had on the victim of these offenses is incalculable. Her statement here today of the longstanding impact, the devastating impact on her employment which required frequent travel and staying in hotels and her fear of doing that now cannot be overlooked.

The court, in determining an appropriate sentence, needs to determine multiple factors as set forth in the Iowa Code and some of those include protection of the community as well as looking at your rehabilitation. It is clear *no matter what I do today that you at some point will be a member of the community* and the court needs to look towards rehabilitation of you as well.

But in light of what I find to be very serious offenses, count II especially, a violent offense and the impact on the community and the need to protect the community, quite frankly, this happened at a hotel, and quite frankly, *a random victim to whom you had no relationship to and I find that very concerning.*

(Emphasis added.) LaPointe claims the emphasized portions of the district court's statements show clear reliance on C.M.'s statement, overcoming the presumption and showing prejudice. We disagree. C.M. stated:

More importantly, has he done this before? Could I truly be the only one? Has his actions affected other women? I don't know because of his persuasive abilities to get a room key that wasn't his, to sway a maintenance man to unlock a safety latch, he has the capability of doing anything. For my safety and the safety of other women that one day may live or work near him, I ask you please put him on the sexual offenders list for a lifetime.

LaPointe specifically draws a connection between C.M.'s belief there may be other victims with the district court's statements regarding C.M. being a "random victim." The district court's reference to a random victim refers specifically to C.M., with whom LaPointe had only a few casual meetings, and is not an indirect reference to the possibility of other victims. LaPointe also attempts to draw a connection between the district court's statement LaPointe would be returned to the community at some point and C.M.'s statement she felt "the defendant should

be incarcerated for more than ten years." Again, we disagree. The district court is simply referencing the fact the sentence would be at most twenty years, not a life sentence. LaPointe draws no specific connection between C.M.'s statement and the first emphasized portion regarding his moral character. We find the district court was referring to the discrepancy between letters praising his moral character and the violent and calculated crimes he committed. Finally, LaPointe notes the district court did not specifically indicate it was not considering the statements from C.M. However, as we have already stated, "we trust that our district courts . . . will filter out improper or irrelevant evidence." *See Sailer*, 587 N.W.2d at 764.

Even had trial counsel objected, and the presumption the district court filtered out improper evidence was removed, the evidence is insufficient to show the district court relied on improper statements. The district court gave substantial reasons for its sentence and many of those reasons were independent of the victim's statements. We find LaPointe is unable to offer clear evidence the district court relied on any improper statements by C.M. and therefore, we find LaPointe was not prejudiced.

### IV. Plea Agreement

LaPointe also claims the State did not do enough to commend the plea agreement's sentencing recommendation to the district court, and trial counsel's failure to object constituted ineffective assistance of counsel. LaPointe directs us to our decision in *State v. Chest*, where we held the State was required to "make a meaningful recommendation consistent with both the terms of the plea agreement and the established standard of a recommendation." No. 14–1937,

2015 WL 5970339, at *1 (Iowa Ct. App. Oct. 14, 2015). A meaningful recommendation of a plea agreement requires "the prosecutor to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance." *State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999).

At the combined plea and sentencing hearing the prosecution stated, "[o]ur agreement, Your Honor, is that the defendant would be sentenced to a period of incarceration not to exceed ten years on each offense and that those sentences would run concurrent to each other." Later, before the victim impact statement, the prosecution also stated, "I don't have any additional record to make. I stand by our plea agreement." LaPointe claims this did not sufficiently recommend the plea agreement to the court.

Our supreme court has held the State may not "make sentencing recommendations with a wink and a nod." *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008). We find the State properly recommended the agreement to the district court. The prosecution recited the agreement and also made an affirmative statement standing by the agreement. The State fulfilled its duty pursuant to our case law. Any objection by LaPointe's counsel would have been meritless, and therefore, counsel was not ineffective. *See id.* at 215.

## V. Presentence Investigation

Finally, LaPointe claims his waiver of the presentence investigation report was not knowing and voluntary, and trial counsel was ineffective for failing to properly advise him of the purpose or usefulness of the report. LaPointe

concedes "the information presented to the court at sentencing does overlap with what is contained in the [report]" but insists "the report provides a measure of detail absent from the documents made available." LaPointe also claims the source of the information, a neutral party, would have convinced the district court not to impose consecutive sentences.

The district court stated it considered LaPointe's actions "a calculated and violent offense," as well as two clear and distinct offenses with "longstanding impact." The district court received a variety of evaluations, letters of reference, and LaPointe's own statement. However, the district court stated, "[T]he court has read the packet of information and all of the letters that have been submitted on your behalf talking about your respectability in the community and your good and high moral character. That just does not comport with what happened here."

LaPointe must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 669 (1984). The small amount of detail contained in the report is not enough to make this showing and overcome the district court's stated reasons for the sentence. We also find that LaPointe has failed to show that his waiver of the use of the presentence report was not voluntary. The district court advised LaPointe that a report could be ordered but that sentencing would be delayed. LaPointe requested immediate sentencing and waived his right to the presentence investigation. We find there is no prejudice and affirm the district court.

**AFFIRMED.**