# IN THE COURT OF APPEALS OF IOWA

No. 16-1140
Filed September 13, 2017

**LARRY WAYNE STEEN,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Davis County, Joel E. Yates, Judge.

      Larry Steen appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

      Ryan J. Mitchell of Orsborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for appellant.

      Thomas J. Miller, Attorney General, Benjamin M. Parrott, Assistant Attorney General, for appellee State.

      Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Larry Steen appeals the district court's denial of his application for postconviction relief for second-degree murder. Steen claims trial counsel was ineffective for failing to present evidence on and pursue a verdict of manslaughter. We find trial counsel was effective. We affirm the district court.

On September 24, 2010, Steen shot Randy Saner in the home of Cathy Clark. Clark was Steen's ex-wife and the two had divorced in 1997. Saner and Clark began a relationship later in 1997 and lived together until May 2010. Later the same year, Steen moved in with Clark for several months but moved out of the house on September 20. On September 23, Saner stayed at Clark's home. Steen became aware Saner was at the home and sent a text message to Clark expressing his disapproval. In the early hours of September 24, Clark awoke to Steen yelling and pounding on the door. Clark attempted to speak with Steen, but he hit her, pushed her into the house, confronted Saner, and killed him.

At trial Steen pursued a "go-for-broke" defense, claiming Clark murdered Saner and attempted to frame Steen for the murder. Steen decided not to pursue a defense of intoxication as he was aware any conviction, even for a lesser offense such as manslaughter, would likely result in his death in prison considering his age. Steen was also motivated to pursue the "go-for-broke" strategy as he did not admit causing Saner's death, which an intoxication defense required.

Steen proceeded to trial and on October 11, 2011, was found guilty of second-degree murder, in violation of Iowa Code § 707.3 (2010). Steen appealed, and his conviction was affirmed. *See State v. Steen*, No. 11-2000,

2012 WL 5562695, at *2 (Iowa Ct. App. Nov. 15, 2012). Steen filed an application for postconviction relief action on July 18, 2013, which was denied. Steen now appeals.

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995). However, "[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the totality of the circumstances in a de novo review." *Id*. Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id*. at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id*. Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

Steen now claims trial counsel should have presented evidence on a theory of manslaughter. Decisions on trial strategy "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Trial counsel, in consultation with Steen, clearly made a strategic decision to pursue an acquittal at the expense of a defense of diminished capacity or mitigating circumstances. During the postconviction hearing, both trial counsel and Steen testified Steen supported the decision and recognized any conviction would likely result in his death in prison, a result he hoped to avoid. Trial counsel also testified rumors Clark had been involved with the murder were circulating in the

community and a strategic decision was made to capitalize on the rumors to support Steen's defense. Additionally, pursuing inconsistent theories, of complete innocence and manslaughter, would have only served to confuse the jury and lessen the effectiveness of both theories. The decision not to argue inconsistent theories and the decision to pursue a theory of innocence were reasonable strategic decisions "we will not second-guess." *See State v. Polly*, 657 N.W.2d 462, 468 (Iowa 2003).

**AFFIRMED.**