## IN THE COURT OF APPEALS OF IOWA

No. 17-0564
Filed April 18, 2018

**GUILLERMO GUTIERREZ ESCOBEDO,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Edward A. Jacobson, Judge.

Guillermo Gutierrez Escobedo appeals the district court decision denying his request for postconviction relief. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman, & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Guillermo Gutierrez Escobedo appeals the district court decision denying his request for postconviction relief. Escobedo claims the verdict was rendered void by the substitution of a juror after deliberations began. He also claims recent case law regarding jury instructions should be applied retroactively to reverse his conviction and grant a new trial. We find Escobedo is barred from relitigating the issue of juror substitution and Escobedo did not preserve error regarding the new case law. We affirm the district court.

## I.      Background Facts and Proceedings

Escobedo and a friend, Cesar Herrate, hosted a party on January 14, 1995. During the party a guest named Kaski and another guest began to argue and fight. A third guest, Younie, attempted to prevent the situation from escalating. Escobedo and Herrate took meat-packing knives from the kitchen and stabbed Younie repeatedly. Younie died of his wounds, which were described as deep and severe. Kaski was also stabbed but managed to escape. Escobedo told a police officer he attacked the victims "[b]ecause they provoked me. They got us fed up, they said 'F-you,' and that's when I went and got the knife."

During the jury deliberations the State was informed a juror had been overheard in a bar making racially prejudiced remarks regarding Escobedo. The juror was questioned and dismissed. An alternate juror, who had been released, prior to deliberations beginning, was recalled to replace the released juror. Escobedo's trial counsel agreed to the replacement. Escobedo was convicted of first-degree murder, willful injury, and assault causing bodily injury.

Escobedo appealed, and our court affirmed his convictions. *See State v. Escobedo*, 573 N.W.2d 271, 280 (Iowa Ct. App. 1997). Escobedo then filed an application for postconviction relief in 1998. All of Escobedo's claims were denied by the district court. Escobedo appealed, and our court affirmed the district court. *See Escobedo v. State*, No. 03-1913, 2004 WL 2804848, at *1 (Iowa Ct. App. Dec. 8, 2004). Escobedo then filed an application for habeas corpus to the United States District Court for the Northern District of Iowa in 2005. The petition was dismissed without prejudice. Escobedo filed a second application for postconviction relief that was denied. Escobedo then filed another petition for habeas corpus in 2010, which the federal district court granted. *See Escobedo v. Lund*, 948 F. Supp. 2d 951, 960 (N.D. Iowa 2013), *rev'd in part*, 760 F.3d 863 (8th Cir. 2014). The Eighth Circuit Court of Appeals reversed the grant of habeas corpus. *Lund*, 760 F.3d at 863. Escobedo appealed to the Supreme Court, but his petition for certiorari was denied. See id., cert. denied, 135 S. Ct. 1427, 191 L. Ed. 2d 388 (2015).

Escobedo again filed a petition for postconviction relief December 21, 2015. Both the State and Escobedo filed motions for summary judgment. The district court denied Escobedo's motion and granted the State's. Escobedo now appeals.

## II.    Standard of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995). This includes the review of summary dismissals of postconviction proceedings. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). However, "[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the

totality of the circumstances in a de novo review." *Id.* Claims involving constitutional rights are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

### III. Juror Substitution

Escobedo claims his conviction is a nullity and can be challenged at any time as the trial court improperly substituted a discharged juror. However, Escobedo has previously raised this issue. In his direct appeal we found Escobedo agreed to the replacement of the juror and held such an agreement was a waiver of the issue. *Escobedo*, 573 N.W.2d at 276. In his first application for postconviction relief Escobedo claimed the replacement of the juror was the result of ineffective assistance of counsel. We held trial counsel did not breach their duty nor could Escobedo establish prejudice. *Escobedo*, No. 03-1913, 2004 WL 2804848, at *2. "Any ground finally adjudicated . . . in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application . . . ." Iowa Code § 822.8 (2015). We decline to address this previously litigated claim.

### IV. New Trial

Escobedo also claims the Iowa Supreme Court decision in *State v. Smith*, 739 N.W.2d 289 (Iowa 2007), should be retroactively applied and entitles him to a new trial. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Escobedo raised the issue below, but the district court did not address the issue in its ruling.

Escobedo did not request further clarification or answer from the district court. We find error has not been preserved and decline to address the claim.

**AFFIRMED.**