# IN THE COURT OF APPEALS OF IOWA

No. 17-0391
Filed June 20, 2018

**MARK D. BECKER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Butler County, Gregg R. Rosenbladt,

Judge.

        Mark Becker appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

        Richard R. Hollis, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins and Scott D.

Brown, Assistant Attorneys General, for appellee State.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Mark Becker appeals the district court's denial of his application for postconviction relief (PCR). Becker claims trial counsel was ineffective for failing to file a motion for change of venue. He also claims postconviction counsel was ineffective for failing to present evidence of pretrial publicity or introduce trial counsel's file regarding pretrial publicity. Finally, Becker claims both trial and postconviction counsel were ineffective for failing to challenge the amount of restitution.[1] We find trial counsel was effective but preserve Becker's claim that PCR counsel was ineffective for further hearing.

## I. Background Facts and Proceedings

Becker suffered from paranoid schizophrenia and had instances of violent behavior when not properly medicated. On June 24, 2009, Becker shot and killed Ed Thomas in front of numerous witnesses. Trial counsel pursued an insanity defense, realizing the evidence of the murder itself was overwhelming.

Because of Thomas's standing in the community there were concerns regarding pretrial publicity. The State made a conditional motion for change of venue in the event the county was so prejudiced as to create a substantial likelihood the trial would not be fair and impartial, which trial counsel did not resist. Venue was not changed, and a jury was selected. Becker was found guilty on March 2, 2010.

Becker appealed, but his conviction was affirmed both by our court and our supreme court. *See State v. Becker*, 818 N.W.2d 135, 163 (Iowa 2012) (overruled

---

[1] Becker submitted a pro se brief as well but cites no legal authority. We find this constitutes a waiver of the issues raised in the brief. *See* Iowa R. App. P. 6.14(1)(c).

on other grounds by *Alcala v. Marriott Int'l Inc.*, 880 N.W.2d 699, 708 (Iowa 2016)); *see also State v. Becker*, No. 10-0631, 2011 WL 3925431, at *8, *10 (Iowa Ct. App. Sept. 8, 2011). Becker then filed an application for postconviction relief August 7, 2015. The application was denied by the district court and Becker now appeals.

## II. Standard of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995). However, "[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the totality of the circumstances in a de novo review." *Id.* Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

Becker asks us to establish a rule that violation of Iowa Rule of Professional Conduct 32.1.1, regarding competent representation, should be considered a breach of duty, and therefore ineffective assistance of counsel, which would satisfy the first element of the test. However, our supreme court has found "an ethical violation [does not] always mean that ineffective assistance has [ ] occurred." *State v. Clay*, 824 N.W.2d 488, 502 (Iowa 2012). We decline to establish such a rule.

Becker raises his ineffective assistance claims under both the federal and state constitutions. However, "when the parties have not argued that our analysis under the Iowa Constitution should differ from our analysis under the Federal Constitution, we decline to apply divergent analyses." *Nguyen v. State*, 878 N.W.2d 744, 757 (Iowa 2016).

Orders for restitution are reviewed for the correction of errors at law. *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010). We will affirm the district court if the order is supported by substantial evidence. *Id.*

## III. Ineffective Assistance of Trial Counsel

Becker claims trial counsel was ineffective for failing to file a motion for change of venue due to pretrial publicity. Becker claims sympathy for Thomas and Thomas's standing in the community was so great as to prejudice any possible jury pool against him. He also points to the State's conditional motion for change of venue and request for trial counsel to make a record of the reasons for not filing a change of venue motion.

Trial counsel was aware of the pretrial publicity surrounding the case. Trial counsel discussed the issue of venue with other lawyers. At the postconviction hearing, trial counsel testified the nature of the publicity influenced her decision not to change venue. Media coverage noted witnesses who said Becker appeared to be insane, and the families of Becker and Thomas "tried to remain friends" and "the Thomas family actually reached out to the Becker family to request prayer, to request understanding for" the Beckers.

"Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma*, 626 N.W.2d at

143. However, a tactical decision must still be viewed under the ultimate question of whether "under the entire record and totality of the circumstances" counsel performed competently. *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998). We find trial counsel's decision to forgo a change of venue was sound trial strategy given the available information. Pretrial publicity was widespread but many accounts favored the defense. Additionally, the positive interactions between the families and the Thomas family's plea for understanding could have also positively influenced jurors toward the defense. We find trial counsel did not breach her duty.

## IV. Ineffective Assistance of Postconviction Counsel

Becker points to areas where postconviction counsel should have presented evidence on claims presented. Without further hearing, we would be required to guess at the contents of trial counsel's file and the quality, quantity, and content of media coverage of the case. We decline to do so at this time but preserve those issues for a potential postconviction relief trial, if requested.

## V. Restitution

Becker finally claims trial counsel and postconviction counsel were ineffective for failing to challenge the amount of restitution owed. Challenges to restitution, court costs, and fees may not be raised in postconviction relief proceedings. Iowa Code § 822.2(1)(g) (2015); *Earnest v. State*, 508 N.W.2d 630, 633 (Iowa 1993) ("We hold that this subsection unambiguously excludes claims relating to restitution in postconviction proceedings."). We find this claim cannot be brought in the present action.

**AFFIRMED.**