# IN THE COURT OF APPEALS OF IOWA

No. 17-0897
Filed July 5, 2018

**JOSEPH ANTHONY HOUSTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,
Judge.

Joseph Anthony Houston appeals the denial of his postconviction
application. **AFFIRMED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee State.

Considered by Vogel, P.J., Bower, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

Joseph Anthony Houston appeals the denial of his postconviction application. We find the postconviction relief application is time barred and affirm the district court.

In 1996, the remains of Dawue Stigler were found in a cornfield. Stigler had been beaten, put into the trunk of a car, driven to the cornfield, and shot in the head. Houston and several others were charged with first-degree murder and first-degree kidnaping. Houston was eventually convicted of first-degree kidnapping and assault with intent to inflict serious bodily injury.

Houston appealed his conviction, and our court affirmed. *State v. Houston*, No. 99-491, 2000 WL 702370, at *1 (Iowa Ct. App. May. 31, 2000). Houston then filed an application for postconviction relief which was denied by the district court, he appealed, and our court affirmed. *Houston v. State*, No. 05-1591, 2007 WL 254543, at *9 (Iowa Ct. App. Jan. 31, 2007). Houston filed numerous other postconviction-relief actions, which were all denied.

Houston filed the present application for postconviction relief June 1, 2016. The State filed a motion for summary judgment and dismissal June 14. Houston resisted the motion for summary judgment and requested the ability to take depositions. The district court postponed Houston's request to take depositions but allowed him to proceed without a filing fee.

On May 18, 2017, the district court held a hearing on the State's motion for summary judgment. The district court found many of the issues Houston raised had been decided in previous postconviction-relief actions. The district court also found "there is no genuine issue of material fact as to any new ground of fact that

could not have been raised within the applicable three year time limitation. This case is time barred and res judicata applied." Houston now appeals.

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995).

Houston claims the district court should not have dismissed his application for postconviction relief as time barred. Postconviction relief actions are required to be filed within "three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2016). However, the application may be made outside the three year period if "a ground of fact or law . . . could not have been raised within the applicable time period." *Id.* Houston claims new case law establishes a ground of law that could not have raised within the applicable time period.

Houston relies on *State v. Smith*, 739 N.W.2d 289 (Iowa 2007), as establishing a new ground of law. Because the postconviction action was not brought within three years of *Smith*, Houston then claims he could not have raised the arguments in *Smith* until *State v. Shorter*, No. 14-1239, 2016 WL 3272291 (Iowa Ct. App. June 15, 2016), vacated, 893 N.W.2d 65 (Iowa 2017), as amended (June 19, 2017) was filed. Houston claims *Shorter* established that the legal principles in *Smith* could be applied to avoid the time bar.

We find *Shorter* does not constitute a new ground of law as it wholly relied on the same reasoning established in *Smith*. Additionally, assuming *Smith* established a new ground of law, Houston may not rely on *Smith* to overcome the time bar as the postconviction action was not filed until nine years after *Smith*. Pursuant to Iowa Court Rule 21.26(1), (a) and (e), we affirm the district court.

**AFFIRMED.**